JUDGE HOLWELL

**11 CV 2365**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICROSOFT CORPORATION, | ECF CASE |
| Plaintiff, | Civil Action No. 11 CV 2365 (RJH) |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT |
| DATATERN, INC., | |
| Defendant. | |



**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Microsoft Corporation ("Microsoft"), by and through its attorneys, alleges as follows:

**NATURE OF THE CASE**

1.  Microsoft seeks a declaratory judgment that U.S. patent nos. 5,937,402 ("the '402 patent") and 6,101,502 ("the '502 patent") are invalid and that neither Microsoft nor its products have infringed, induced others to infringe, or contributed to the infringement by others of the '402 or '502 patents. This relief is necessary because Defendant DataTern, Inc. ("DataTern") has sued third parties alleging that they infringe the '402 and/or the '502 patents and has referenced Microsoft software in connection with DataTern's infringement theories. Third parties sued by DataTern have, in turn, notified Microsoft of DataTern's claims and have, in at least some instances, asked Microsoft to defend and/or indemnify them against those claims. DataTern's claims and references to Microsoft software have placed a cloud over Microsoft and its products, have injured and are injuring Microsoft's business and business relationships, and have created a concrete and immediate justiciable controversy between Microsoft and DataTern.

1

## PARTIES

2. Microsoft is a Washington corporation, with its principal place of business located at One Microsoft Way, Redmond, WA 98052.

3. On information and belief, Defendant DataTern was originally incorporated under the laws of the state of Delaware, is currently incorporated under the laws of the state of Texas, and has its principal place of business located at 330 Madison Avenue, 31st Floor, New York, NY 10017.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act.

5. On information and belief, DataTern is subject to personal jurisdiction in the Southern District of New York because DataTern's principal place of business is in this district.

6. On information and belief, venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because DataTern has its principal place of business in New York.

## FACTUAL BACKGROUND

7. DataTern purports to be the current owner of the '402 patent, entitled "System for Enabling Access to a Relational Database from an Object-Oriented Program." The '402 patent issued on August 10, 1999. A copy of the '402 patent is attached hereto as Exhibit A.

8. DataTern also purports to be the current owner of the '502 patent, entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented

Software."  The '502 patent issued on August 8, 2000.  A copy of the '502 patent is attached hereto as Exhibit B.

9. On information and belief, DataTern is 100% owned by Amphion Innovations plc ("Amphion"), a venture capital company incorporated under the laws of the Isle of Man, United Kingdom.

10. On information and belief, DataTern is in the business of holding, litigating, and licensing the '402 and '502 patents.  Amphion has publicly held out DataTern as Amphion's "IP licensing programme" and "a key source of financial support."  *See* Amphion Innovations 2009 Annual Report & Accounts, available at http://www.amphionplc.com/reports_2009.php. Amphion has also represented that "DataTern has the potential to be an ever increasing source of future revenues for Amphion and its Partner Companies."  *See* http://www.amphionplc.com/partner_datatern.php.

11. On information and belief, DataTern's principal place of business is identical to Amphion's: 330 Madison Avenue, 31st Floor, New York, NY 10017.

12. All on information and belief:  Two of DataTern's three directors are Amphion's chairman and chief executive officer, Richard C.E. Morgan, and Amphion's president and chief financial officer, Robert J. Bertoldi.  DataTern's remaining board member and sole executive, John Caruso, is a managing director of Amphion.  DataTern has no employees separate from Amphion.  According to Amphion's most recent annual report, DataTern and Amphion have a total of seven employees.

13. On June 2, 2009, DataTern filed an action in the Eastern District of Texas alleging infringement of the '402 patent against The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Bayer Corporation, BP America Inc., Buy.com Inc., Chevron

Corporation, Chevron U.S.A. Inc., Chevron Products Company, ConocoPhillips Company, ConocoPhillips, Halliburton Company, HSN, Inc., HSN Interactive LLC, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank U.S.A., N.A., Washington Mutual, Inc., Nationwide Financial Services, Inc., Nationwide Mutual Insurance Company, The Prudential Real Estate Affiliates, Inc., The Prudential Insurance Company of America, Prudential Financial, Inc., SunTrust Banks, Inc. and SunTrust Bank. *See DataTern, Inc. v. The Allstate Corporation, et al.*, 2:09-cv-178-TJW (E.D. Tex., Marshall Division) (the "*Allstate* Action").

14. On February 16, 2010, DataTern filed an action in the Eastern District of Texas alleging infringement of the '502 patent against Suntrust Banks, Inc., Suntrust Bank, BP America, Inc., ConocoPhillips Company, ConocoPhillips, Buy.com, Inc., HSN, Inc., HSN Interactive, LLC, The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Discover Financial Services, Inc., and Halliburton Company. *See DataTern, Inc. v. SunTrust Banks et al.*, 2:10-cv-055-TJW (E.D. Tex., Marshall Division). This action was consolidated into the *Allstate* Action.

15. On April 19, 2010, DataTern filed an action in the Eastern District of Texas alleging infringement of the '402 and '502 patents against Staples, Inc., J.C. Penney Company, Inc., J.C. Penney Corporation, Inc., Sears Holdings Corporation, Inc., Sears, Roebuck and Co., The Bank of New York Mellon Corporation, Eagle Investment Systems LLC, Pershing LLC, Capital One Financial Corporation, Capital One, National Association, Capital One Services, Inc., Regions Financial Corporation, The Goldman Sachs Group, Inc., Goldman Sachs International, Goldman, Sachs & Co., Fidelity Brokerage Services LLC, FRM LLC, FRM Corp., National Financial Services LLC, The PNC Financial Services Group, Inc., PNC Bancorp, Inc.,

4

PNC Bank, National Association and PNC Holding, LLC. *See DataTern, Inc. v. Staples, Inc., et al.,* 2:10-cv-133-TJW (E.D. Tex., Marshall Division).

16. On October 7, 2010, DataTern filed an action in the Eastern District of Texas alleging infringement of the '402 and '502 patents against Eli Lilly and Company, AFLAC, Inc., Allscripts Healthcare Solutions, Inc., Veracity Solutions, Inc., Volkswagen Group of America, Inc., Infosys Technologies, Ltd., Hitachi Consulting Corporation, Iron Mountain, Inc., Newell Rubbermaid, Inc. and Walgreen Company. *See DataTern, Inc. v. Eli Lilly and Company, et al.,* 2:10-cv-413-TJW (E.D. Tex, Marshall Division). On January 28, 2011, DataTern amended its complaint in this action to add AT&T, Inc., Verizon Communications, Inc., and Thomson Reuters Corporation as defendants. *Id.* at Docket Number 27.

17. On April 4, 2011, DataTern filed an action in the Eastern District of Texas alleging infringement of the '402 patent against Abbott Laboratories, Comcast Corporation, General Dynamics Corporation, General Mills, Inc., Harley-Davidson, Inc., Hewlett-Packard Company, Lockheed Martin Corporation, Morgan Stanley, Pepsico, Inc., Pfizer Inc., and URS Corporation. *See DataTern, Inc. v. Abbott Laboratories, et al.,* 2:11-cv-203-TJW (E.D. Tex, Marshall Division).

18. Currently, DataTern's Texas Actions involve four pending civil actions – 2:09-cv-00178 (consolidated with 2:10-cv-00055), 2:10-cv-00133, 2:10-cv-00413, and 2:11-cv-203. None of these actions have gone to trial and none have had a claim construction hearing. The earliest claim construction hearing is scheduled for October 25, 2011 and the earliest trial date is scheduled for November 5, 2012, both in the *Allstate* Action.

19. A large number of defendants, however, have been dismissed from DataTern's Texas Actions. On information and belief, a large number of the dismissed defendants have

settled with DataTern, and have done so based on individual payments to DataTern far below each such defendant's anticipated individual litigation cost to defend itself against DataTern's action.

20. On information and belief, despite having received settlement offers from DataTern for sums well below their anticipated litigation defense costs, the following defendants remain in DataTern's Texas Actions (other than the action filed earlier this week on April 4, 2011): AFLAC, Inc., Allscripts Healthcare Solutions, Inc., AT&T, Inc., BP America Inc., Eli Lilly and Company, Iron Mountain, Inc., J.C. Penney Company, Inc., J.C. Penney Corporation, Inc., Sears Holdings Corporation, Inc., Sears, Roebuck and Co., Staples, Inc., Thomson Reuters Corporation, Verizon Communications, Inc., Volkswagen Group of America, Inc. and Walgreen Company.

21. All on information and belief: In the first half of 2010, DataTern's parent Amphion experienced a significant downturn in licensing revenue. In its 2010 interim financial results, released on or around September 10, 2010, Amphion announced that "[r]evenue was down from approximately $4 million in the first half of last year, to $1.63 million in the first half of the current financial year to 30 June 2010, with the entire decrease attributable to the shortfall in licensing revenue." Amphion also stated that its licensing program, implemented through DataTern, "was running behind plan in the first half of the year due to delays in filing new claims and in obtaining settlements in existing cases." Amphion reported that, as a consequence, it was "taking steps to improve the structure, management and economics of the DataTern programme." *See* Amphion Innovations plc Interims [sic] Results for the 6 months to 30 June 2010, available at http://www.amphionplc.com/reports_2010.php.

22.     On information and belief, on or about September 17, 2010, DataTern notified BP America Inc. ("BP") that:

> Based on the information presently available to DataTern, BP America Inc. infringes both the '402 patent and the '502 patent through its use, operation, and maintenance of databases which use SAP's BusinessObjects and Microsoft's ADO.net (together, "the Accused Devices.").

On information and belief, also on or about September 17, 2010, DataTern supplied the claim charts attached hereto as Exhibits C and D to BP, such charts purporting to support DataTern's infringement theories and referencing Microsoft's ADO.NET software.

23.     BP has asked Microsoft to defend and indemnify BP against DataTern's claims.

24.     On information and belief, in and/or after September 2010, DataTern delivered to most, if not all, of the then remaining defendants in the Texas Actions letters enclosing "generic claim charts" purporting to support DataTern's infringement theories and referencing Microsoft's ADO.NET and/or ADO.NET Entity Framework software.  On information and belief, representative copies of such letters and  "generic claim charts" are attached hereto as Exhibits E – H.

25.     Allscripts Healthcare Solutions, Inc., Eli Lilly and Company, Iron Mountain, Inc., and Volkswagen Group of America, Inc. each thereafter asked Microsoft to defend and/or indemnify them against DataTern's claims.

26.     On information and belief, on or about March 30, 2011, DataTern notified J.C. Penney Company, Inc. ("J. C. Penney") that:

> DataTern believes that the development of [J.C. Penney] object oriented applications through the use of tools such as ADO.NET and/or ADO.NET Entity Framework, and

7

their subsequent access or interfacing with a relational database – such as SQL server – constitutes direct infringement of the ['402 patent].

On information and belief, also on or about March 30, 2011, DataTern supplied the claim chart attached hereto as Exhibit I, which purports to support DataTern's infringement theories and references Microsoft's ADO.NET software.

27.     J.C. Penney has asked Microsoft to defend and indemnify J.C. Penney against DataTern's claims.

28.     Microsoft believes that the '402 and '502 patents are invalid and that neither Microsoft nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '402 or '502 patents.

29.     DataTern's claims and allegations have placed a cloud over Microsoft and its products, have injured and are injuring Microsoft's business and business relationships, and have created a concrete and immediate justiciable controversy between Microsoft and DataTern.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Patent Invalidity of the '402 Patent – 35 U.S.C. §§ 101 et seq.)**

30. Microsoft realleges and incorporates paragraphs 1 to 29 as if fully set forth herein.

31. The '402 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation one or more of §§ 101, 102, 103, and 112.

32. The '402 patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that invalidates the claims.

33. Microsoft seeks and is entitled to a declaratory judgment that all claims in the '402 patent are invalid.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Patent Invalidity of the '502 Patent – 35 U.S.C. §§ 101 et seq.)**

34. Microsoft realleges and incorporates paragraphs 1 to 29 as if fully set forth herein.

35. The '502 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation one or more of §§ 101, 102, 103, and 112.

36. The '502 patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that invalidates the claims.

37. Microsoft seeks and is entitled to a declaratory judgment that all claims in the '502 patent are invalid.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '402 Patent)**

38. Microsoft realleges and incorporates paragraphs 1 to 29 as if fully set forth herein.

39. Neither Microsoft nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '402 patent.

40. Microsoft seeks and is entitled to a declaratory judgment that neither it nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent.

## FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '502 Patent)**

41. Microsoft realleges and incorporates paragraphs 1 to 29 as if fully set forth herein.

42. Neither Microsoft nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '502 patent.

43. Microsoft seeks and is entitled to a declaratory judgment that neither it nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '502 patent.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests the Court to enter judgment in its favor and against DataTern as follows:

A. For judgment that the '402 patent and the '502 patent, and each of the claims therein, are invalid;

B. For judgment that neither Microsoft nor its products infringes or has infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent or the '502 patent;

C. For costs and reasonable attorneys' fees incurred in connection with this action; and

D. For such other and further relief as the Court deems just.

Dated: April 7, 2011
New York, New York

OF COUNSEL:

Dale M. Heist
(heist@woodcock.com)
Steven J. Rocci
(rocci@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia PA 19104-2891
Tel: +1 215 568 3100
Fax: +1 215 568 3439

By: /s/ Danielle L. Rose

Danielle L. Rose
(danielle.rose@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)
Carrie A. Tendler
(carrie.tendler@kobrekim.com)

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: +212 488 1200
Fax: +1 212 488 1220

*Attorneys for Microsoft Corporation*