# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>DATATERN, INC.,<br><br>        Defendant. | Civil Action No. 1:11-cv-02365-RJH |
| SAP AG AND SAP AMERICA, INC.,<br><br>        Plaintiffs,<br>v.<br><br>DATATERN, INC.,<br><br>        Defendant. | Civil Action No. 1:11-cv-02648-RJH<br><br>ECF Case |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Danielle L. Rose
  danielle.rose@kobrekim.com
Michael S. Kim
  michael.kim@kobrekim.com
Carrie A. Tendler
  carrie.tendler@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel. (212) 488-1200
*Counsel for Plaintiff Microsoft Corporation*

John Dellaportas
  dellajo@duanemorris.com
Evangelos Michailidis
  emichailidis@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel. (212) 692-1000
*Counsel for Plaintiffs SAP AG and SAP America, Inc.*

Steven Rocci (*pro hac vice*)
  rocci@woodcock.com
Aleksander J. Goranin (*pro hac vice*)
  agoranin@woodcock.com
Daniel J. Goettle (*pro hac vice*)
  dgoettle@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 568-3100
*Counsel for Plaintiffs Microsoft Corporation and SAP AG and SAP America, Inc.*

Dated: August 12, 2011

Declaratory Judgment Plaintiffs Microsoft Corp. ("Microsoft") and SAP AG and SAP America, Inc. (collectively "SAP") hereby request this Court to take judicial notice of the facts stated herein and cited in Plaintiffs' Memorandum in Opposition to DataTern's Motion to Stay or Dismiss. These facts pertain to the docket history of the civil actions filed by Defendant DataTern, Inc. in the U.S. District Court of the Eastern District of Texas, claiming infringement of U.S. Patent Nos. 5,937,402 and 6,101,502 — the same patents-in-suit in the present action.

## ARGUMENT

Federal Rule of Evidence 201 provides that this Court may judicially notice facts that are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, the Court "shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Each of the facts Microsoft and SAP raise here is appropriate for judicial notice because they are derived from readily and publically accessible court dockets available on the Public Access to Court Electronic Records (PACER) system: a source whose accuracy cannot reasonably be questioned. Each of these facts is relevant to the Court's analysis of subject matter jurisdiction. *Hewlett-Packard Co. v. Acceleron LLC,* 587 F.3d 1358, 1364 n.1 (Fed. Cir. 2009) ("'Prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy.'"), *quoting Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed.Cir. 2008); *Diamonds.net LLC v. Idex Online, Ltd.*,

590 F. Supp. 2d 593, 598.

>**Fact 1**: DataTern has filed the following nine civil actions alleging infringement of U.S. Patent Nos. 5,937,402 and/or 6,101,502, in the U.S. District Court for the Eastern District of Texas (collectively the "Texas Actions):
>
>(1) *DataTern, Inc. v. Bank of America Corp., et al.*, No. 5:08-cv-70; filed April 21, 2008.
>
>(2) *DataTern, Inc. v. Sun Microsystems, Inc., et al.,* No. 2:08-cv-307; filed August 5, 2008.
>
>(3) *DataTern, Inc. v. Oracle Corp., et al.*, No. 2:08-cv-308; filed August 5, 2008.
>
>(4) *DataTern, Inc. v. United Air Lines, Inc., et al.*, No. 2:09-cv-53; filed February 17, 2009.
>
>(5) *DataTern, Inc. v. The Allstate Corp., et al.*, No. 2:09-cv-178; filed June 2, 2009.
>
>(6) *DataTern, Inc. v. Suntrust Banks, Inc., et al.*, No. 2:10-cv-55; filed February 16, 2010.
>
>(7) *DataTern, Inc. v. Staples, Inc., et al.*, No. 2:10-cv-133; filed April 19, 2010.
>
>(8) *DataTern, Inc. v. Eli Lilly and Co., et al.*, No. 2:10-cv-413; filed October 7, 2010.
>
>(9) *DataTern, Inc. v. Abbott Labs., et al.*, No. 2:11-cv-203; filed April 4, 2011.

Plaintiffs request that the Court take judicial notice of the nine Texas Actions, and the procedural posture of those actions, as outlined in each action's docket report. Each docket report is attached to the declaration of Daniel J. Goettle, provided in support of this request.

The docket reports indisputably: (i) establish that DataTern filed the Texas Actions against the listed defendants; (ii) identify those defendants that have been dismissed; and (iii)

demonstrate the procedural posture of the cases that are still open.  Plaintiffs cite the docket reports to show that DataTern filed suit against the listed defendants, and settled with or dismissed many of the defendants prior to any substantive proceedings in the district court.

DataTern cannot reasonably dispute Fact 1 or any specific underlying facts relating to particular defendants or the posture of particular cases because they are capable of accurate and ready determination by resort to the docket reports of the respective Texas Actions.  The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.  *Genentech, Inc. v. Int'l Trade Comm'n,* 122 F.3d 1409, 1417 n.7 (Fed. Cir. 1997).  "A court may take judicial notice of a document filed in another court . . . 'to establish the fact of such litigation and related filings.'"  *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F. 2d 1384, 1388 (2d Cir. 1992) *citing Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).  Accordingly, Fact 1 is appropriate for judicial notice under Fed. R. Evid. 201.

> **Fact 2**: Defendant's nine Texas Actions name a total of 113 different defendants.

DataTern cannot reasonably dispute Fact 2.  This fact can be readily discerned from the docket reports attached to the Declaration of Daniel J. Goettle in support of this request by examining the list of parties named in each complaint.  For the reasons stated above, the docket reports are appropriate for judicial notice.  Accordingly, Microsoft and SAP respectfully request that the Court take notice of the Fact 2.

> **Fact 3**: Through the date of this submission, DataTern has settled with 75 of the Texas Action defendants and voluntarily dismissed 15 of the Texas Action defendants.

DataTern cannot reasonably dispute Fact 3.  This fact can be readily discerned from the docket reports attached to the Declaration of Daniel J. Goettle in support of this request by examining the disposition of each party as described in the docket report.  For the reasons stated above, the docket reports are appropriate for judicial notice.  Accordingly, Microsoft and SAP respectfully request that the Court take notice of the Fact 3.

## CONCLUSION

Microsoft and SAP have requested that the Court take judicial notice of Facts 1-3, and have supplied the Court with the necessary information showing that none of these facts are subject to reasonable dispute in that all are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Accordingly, the Court should take judicial notice of these facts. Fed. R. Evid. 201(d) & (f).

Dated: August 12, 2011

Respectfully submitted,

/s/  Steven J. Rocci

| | |
|---|---|
| Danielle L. Rose<br>  danielle.rose@kobrekim.com<br>Carrie A. Tendler<br> carrie.tendler@kobrekim.com<br>KOBRE & KIM LLP<br>800 Third Avenue<br>New York, NY 10022<br>Tel. (212) 488-1200<br>*Counsel for Plaintiff  Microsoft Corporation*<br><br>John Dellaportas<br>  dellajo@duanemorris.com<br>Evangelos Michailidis<br>  emichailidis@duanemorris.com<br>DUANE MORRIS LLP<br>1540 Broadway<br>New York, NY 10036-4086<br>Tel. (212) 692-1000<br>*Counsel for Plaintiffs SAP AG and SAP America, Inc.* | Steven Rocci (*pro hac vice*)<br>  rocci@woodcock.com<br>Aleksander J. Goranin (*pro hac vice*)<br>  agoranin@woodcock.com<br>Daniel J. Goettle (*pro hac vice*)<br>  dgoettle@woodcock.com<br>WOODCOCK WASHBURN LLP<br>Cira Centre, 12th Floor<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Tel. (215) 568-3100<br>*Counsel for Plaintiffs Microsoft Corporation and SAP AG and SAP America, Inc.* |

## CERTIFICATE OF SERVICE

I, Steven J. Rocci, hereby certify that on August 12, 2011, I caused a true and **correct** copy of the foregoing PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE to be served by means of the Court's CM/ECF System on the following counsel for Defendant DataTern:

| | |
|---|---|
| **Lee Carl Bromberg** | **Gabriel Opatken** |
| McCarter & English, LLP (MA) | **Gregory P. Casimer** |
| 265 Franklin Street | **Timothy John Haller** |
| Boston, MA 02110 | Niro, Haller & Niro |
| Tel: +1 617 449 6500 | 181 West Madison Street, Suite 4600 |
| Fax: +1 617 607 9200 | Chicago, IL 60602 |
| | Tel: +1 312 236 0733 Fax: +1 312 236 3137 |

Dated: August 12, 2011                                      By:  /s/ Steven J. Rocci