UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION, <br> SAP AG, and SAP AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | **Consolidated Cases:** <br><br> Civil Action No. 11-cv-02365-RJH <br> Civil Action No. 11-cv-02648-RJH |

# DATATERN'S PARTIAL OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

|  |  |
|---|---|
|  | DATATERN, INC. <br> *By its attorneys,* |
| OF COUNSEL: | Lee Carl Bromberg <br> McCarter & English LLP |
| William A. Zucker <br> wzucker@mccarter.com <br> Erik Paul Belt <br> ebelt@mccarter.com <br> Kara A. Lynch <br> klynch@mccarter.com <br> McCarter & English, LLP <br> 265 Franklin Street <br> Boston, Massachusetts  02110 | 265 Franklin Street <br> Boston, MA  02110 <br> (617) 449-6500 <br> lbromberg@mccarter.com <br><br> and <br> 245 Park Avenue <br> New York, New York  10167 <br> (212) 609-6800 |

August 22, 2011

DataTern objects to Plaintiffs' Request for Judicial Notice [D.N. 46]. DataTern concedes that the Court can take judicial notice of the docket in the civil actions filed by DataTern, Inc. ("DataTern") in the U.S. District Court of the Eastern District of Texas claiming infringement of U.S. Patent Nos. 5,937,402 and 6,101,502 (the "'402 and '502 patents" respectively). A court may take judicial notice of a document filed in another court if it is done to establish the existence of such litigation. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). DataTern respectfully states that the past history of the defendants in the Texas actions has no, or limited, relevance to this proceeding. It has no relevance to the inferences Microsoft and SAP attempt to draw. The dockets neither show that DataTern filed suit against one hundred-thirteen (113) different defendants in Texas nor provide a basis for Plaintiffs' distinction between the settled and dismissed defendants. As such, the Court cannot take judicial notice of these unsupported statements. *See Ackermann v. Doyle*, 43 F. Supp. 2d 265, 268 (E.D.N.Y. 1999) ("a judicially noticed fact must be. . . capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned").

The dockets, however, do support DataTern's position that Microsoft and SAP have utterly failed to show that there is an indemnification obligation that either of them have been required to honor. The dockets show that Microsoft and SAP had ample opportunity to intervene on behalf of any one of the defendants if, in fact, there were any obligation to indemnify and did not. Given the length of time, a reasonable inference would be that Microsoft or SAP could produce some proof of actual indemnity. The failure to produce such evidence confirms that despite infringement by a variety of defendants of DataTern's patents, none of them, in fact, have been indemnified by Microsoft and SAP. Accordingly, the motion to dismiss the declaratory judgment actions should be granted for the reasons already cited by DataTern.

|  |  |
|---|---|
|  | Respectfully submitted,<br>McCARTER & ENGLISH, LLP |
| OF COUNSEL: | By: /s/Lee Carl Bromberg<br>Lee Carl Bromberg |
| William A. Zucker<br>wzucker@mccarter.com<br>Erik Paul Belt<br>ebelt@mccarter.com<br>Kara Lynch<br>klynch@mccarter.com<br>McCarter & English, LLP<br>265 Franklin Street<br>Boston, Massachusetts  02110 | 265 Franklin Street<br>Boston, MA  02110<br>(617) 449-6500<br>lbromberg@mccarter.com<br><br>and<br>245 Park Avenue<br>New York, New York  10167<br>(212) 609-6800<br>*Attorneys for Defendant*<br>*DataTern, Inc.* |

August 22, 2011

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the above Opposition to Plaintiffs' Request For Judicial Notice was served on this 22nd day of August, 2011 upon counsel of record for Microsoft Corp., SAP AG and SAP America, Inc. via *ECF*.

/s/ Lee Carl Bromberg_____
Lee Carl Bromberg