# KOBRE & KIM LLP



800 THIRD AVENUE
NEW YORK, NEW YORK 10022

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
MIAMI

February 9, 2012

**BY HAND**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



> Re:   **Microsoft Corporation v. DataTern, Inc.**
> No. 11 Cv. 2365 (RJH)
> **SAP AG and SAP America, Inc. v. DataTern, Inc.**
> No. 11 Cv. 2648 (RJH)

Dear Judge Forrest:

We represent Microsoft in the above-captioned action. We write jointly with counsel for SAP AG and SAP America (together, "Plaintiffs") to advise the Court that Plaintiffs will be submitting a proposed order regarding the non-assertion of claims by Defendant DataTern in lieu of the joint stipulation (requested by the Court and agreed to by DataTern) because DataTern has refused to honor its agreement to stipulate.

The proposed order arises from the January 31, 2012 hearing at which Judge Holwell denied DataTern's motion to dismiss and/or stay the actions. At that hearing, in connection with the Court's consideration of a proposed scheduling order (entered February 7, 2012, *see* Docket 37 (attached as Exhibit A)), DataTern agreed, at Judge Holwell's urging, to stipulate that it would not assert certain infringement claims against customers or users of Microsoft and/or SAP software beyond those contained in the infringement contentions served in this matter. *See* Exhibit B (excerpted January 31, 2012 transcript), at 24-28.[1]

---

[1] Plaintiffs' understanding of the stipulation's terms is set forth in footnote 1 of the Court's February 7, 2012 Scheduling Order (Docket 37).

Honorable Katherine B. Forrest
February 9, 2012
Page 2

The stipulation was intended to streamline the number of patent claims at issue in this matter in exchange for DataTern's agreement to forego suing Microsoft and SAP customers and users on patent claims not adjudicated in this action. The Court initially requested that the stipulation—which the Court expressly stated that it would so-order (*see* Exhibit B, at 28)—be filed by February 3, 2012. The Court later approved the parties' joint request to extend that deadline to February 8, 2012.

Plaintiffs sent a draft stipulation to DataTern on February 3, 2012, and followed-up with opposing counsel on February 6, 2012, to ensure timely filing of the stipulation. On February 7, 2012, DataTern sent an initial mark-up, to which Plaintiffs objected. On February 8, 2012, after Judge Holwell announced that he would be leaving the bench, DataTern refused to alter its position—and instead agreed to stipulate only to substantially revised terms, which undercut the stipulation's effect and were contrary to the terms DataTern agreed upon in Court.

In short, DataTern's delay and last-minute attempt to change the terms of the stipulation rendered it impossible for the parties to agree on a stipulation by February 8, 2012, and we do not anticipate that the parties will be able to so agree.

Accordingly, Plaintiffs respectfully request permission to file a proposed order with the Court based on the original terms agreed to by the parties and related papers no later than February 14, 2012.

ORDERED that DataTern
respond to this letter by
C.O.B. 2/14/12.

K. B. Forrest
2/10/12        US DJ

Respectfully submitted,

Danielle L. Rose
KOBRE & KIM LLP
+1 212 488 1200

Steven J. Rocci
WOODCOCK WASHBURN LLP
+1 215 568 3100

cc:    Counsel for DataTern, Inc. (by electronic mail)

# EXHIBIT A

*Holwell,*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



RECEIVED
FEB - 1 2012
CHAMBERS OF
RICHARD J HOLWELL

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DATATERN, INC.,<br><br>Defendant. | Civil Action No. 1:11-cv-02365-RJH<br>Civil Action No. 1:11-cv-02648-RJH |
| SAP AG AND SAP AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DATATERN, INC.,<br><br>Defendant. | ECF Case<br><br>[PROPOSED] ORDER |

WHEREAS, on July 19, 2011, the Court entered a scheduling order in the above-captioned matters (the "July 19 Scheduling Order");

WHEREAS, on September 30, 2011, Plaintiffs Microsoft Corporation ("Microsoft") and SAP AG and SAP America, Inc. (collectively, "SAP" and, with Microsoft, "Plaintiffs") and Defendant DataTern, Inc. ("DataTern" and, with Plaintiffs, the "Parties") exchanged terms for claim construction;

WHEREAS, on November 30, 2011, Plaintiffs and DataTern exchanged proposed constructions for claim terms;

WHEREAS, in an effort to reduce the number of claim terms requiring construction, the Parties have reached a compromise to (i) exchange invalidity and infringement contentions; and (ii) modify the schedule to permit such exchange and related scheduling adjustments; and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/12

WHEREAS, accordingly, Microsoft and SAP, by and among the undersigned counsel, propose to modify the July 19 Scheduling Order as follows:

| | |
|---|---|
| DataTern's infringement contentions[1] | Mar. 16, 2012 |
| Microsoft's and SAP's invalidity contentions | Apr. 16, 2012 |
| Exchange claim construction terms/proposed constructions | Apr. 23, 2012 |
| Meet and confer re claim construction | Apr. 30, 2012 |
| Opening claim construction briefs[2] | May 31, 2012 |
| Expert claim construction depositions | Between May 31 and June 25, 2012 |
| Responsive claim construction briefs | June 25, 2012 |
| Reply claim construction briefs | July 25, 2012 |
| Claim construction hearing | To be determined by the Court |
| Close of fact discovery | July 30, 2012 |
| Exchange opening expert reports on the issue(s) on which the Party bears the burden | Aug. 30, 2012 |
| Exchange responsive expert reports | Sep. 21, 2012 |
| Close of expert discovery | Oct. 22, 2012 |
| Motions for summary judgment deadline | Nov. 21, 2012 |
| Trial | To be determined by the Court |

[1] The Parties have reached an agreement concerning DataTern's non-assertion of certain purported patent claims against users of Microsoft and SAP software; Plaintiffs proposed the following language—which they believe accurately memorializes that agreement—to DataTern for inclusion in this Order:

> Insofar as any of the 'Accused Products' (as defined in DataTern's July 1, 2011 counterclaims in this action) form a basis, in whole or in part, for any current or future patent infringement claim for relief by DataTern in any forum against customers and/or users of the Accused Products, DataTern will limit its infringement assertions against such customers and/or users to only those patent claims identified in its infringement contentions in this action.

DataTern has, however, objected to including such language in the proposed Scheduling Order and has instead stated that it will only discuss a side agreement with respect to this issue. As a result, DataTern has not stipulated to this proposed Order. Plaintiffs are not aware of any other DataTern objections to the content of this proposed Order.

[2] To the extent that a Party intends to present expert evidence/testimony in connection with a claim construction issue and/or at the claim construction hearing, that Party will submit either an expert declaration or an expert report with its opening claim construction brief.

By: _Danielle L. Rose_ /*mje*.

DATED:   January 31, 2012

Steven J. Rocci
(rocci@woodcock.com)
Dale M. Heist
(heist@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: +1 215 568 3100
Fax: +1 215 568 3439

*Attorneys for Plaintiff Microsoft Corp.*

Danielle L. Rose
(danielle.rose@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)
Megha J. Charalambides
(megha.charalambides@kobrekim.com)

KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Attorneys for Plaintiff Microsoft Corp.*


By: _Evangelos Michailidis_ /*mje*.

DATED:   January 31, 2012

Steven J. Rocci
(rocci@woodcock.com)
Dale M. Heist
(heist@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: +1 215 568 3100
Fax: +1 215 568 3439

*Attorneys for Plaintiffs SAP AG and SAP
America, Inc.*

John Dellaportas
(dellajo@duanemorris.com)
Evangelos Michailidis
(emichailidis@duanemorris.com)

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel: +1 212 692 1000

*Attorneys for Plaintiffs SAP AG and SAP
America, Inc.*

SO ORDERED this **7** day of ~~January~~, 2012   *FEBRUARY*

HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

1

121VVMICA                    Argument
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    MICROSOFT CORPORATION, SAP AG,
3    SAP AMERICA, INC.'S,
4
4                    Plaintiffs,
5
5              v.                          11 CV 2365 (RJH)
6                                          11 CV 2648 (RJH)
6    DATATERN, INC.,
7
7                    Defendant.
8
8    ------------------------------x
9                                          New York, N.Y.
9                                          January 31, 2012
10                                         3:10 p.m.
10
11   Before:
11
12                    HON. RICHARD J. HOLWELL,
12
13                                         District Judge
13
14                    APPEARANCES
14
15   KOBRE & KIM
15       Attorneys for Plaintiffs
16   BY:  DANIELLE L. ROSE
16        MEGHA J. CHARALAMBIDES
17        -AND-
17   WOODCOCK WASHBURN
18   BY:  STEVEN J. ROCCI
18        JEB OBLAK
19        -AND-
19   DUANE MORRIS
20   BY:  EVANGELOS MICHAILIDIS
20
21   McCARTER & ENGLISH
21       Attorneys for Defendant
22   BY:  ERIK P. BELT
22        LEE C. BROMBERG
23
24
25

24

121VVMICA                    Argument
1    warrant the Court here to hold its -- stay its hand.
2            And the public interest, I think, cuts both ways.   I
3    mean both parties make credible arguments on the public
4    interest issue, that I consider it to be a wash.
5            So we're going to proceed here, and then the question
6    is simply what the schedule is.
7            The parties indicated last week that they were
8    negotiating a schedule in the event that this action did
9    proceed.
10           MS. ROSE:  Yes, I can speak to that.
11           I believe that we have an agreement on the dates, and
12   that's reflected in a proposed order that plaintiffs submitted.
13           THE COURT:  Do you have a copy you can hand up to the
14   Court?
15           MS. ROSE:  I do.
16           My understanding is that we do have an agreement on
17   dates that makes some modest adjustments to the overall
18   schedule to permit the parties to exchange infringement and
19   invalidity contentions.
20           The one remaining issue is that with respect to the
21   infringement contentions, Datatern has agreed -- we understand
22   in principle that it will not pursue customers and end users of
23   Microsoft and SAP for under a theory that is broader than the
24   infringement contentions in this case; because the goal is
25   obviously just to resolve the whole controversy and not
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

121VVMICA                    Argument

1    litigate this seriatim.
2            We would like that memorialized in this order, because
3    we think it's part of the entire --
4            THE COURT:  I'm not sure I understand what that means.
5            MR. ROCCI:  Your Honor, so in the Texas actions,
6    they've asserted Claim 1 of the '402 and the '502 patents.
7    Those are two patents in issue.
8            In the New York action in here, we don't know yet
9    which claims they are going to assert.  And actually, that's
10   part of the goal of the revised scheduling order; they would
11   serve infringement contentions.  And in those infringement
12   contentions, they would identify the claims that Microsoft and
13   SAP allegedly infringe, together with some theory.
14           What we are trying to address is that the scenario,
15   which I think Datatern agrees with in principle, the theory
16   that there would be claims that they would not assert in New
17   York, here, but that they could assert in Texas.  And we're
18   trying to bring mutuality to it, so that we don't have to fight
19   for naught here; that is, whatever claims we fight here will be
20   dispositive of whatever claims we fight elsewhere.
21           THE COURT:  OK.  I think I have a better appreciation
22   of what you're talking about.
23           Mr. Belt, do you want to comment on that?
24           MR. BELT:  Mr. Bromberg will comment.
25           THE COURT:  Yes.  Mr. Bromberg.

26

121VVMICA                    Argument

```
 1            MR. BROMBERG:  Your Honor, the problem we have with
 2  this is we have not yet made infringement contentions in this
 3  action.  And I think Ms. Rose said something about that we
 4  should not be able to make broader allegations of infringement
 5  elsewhere.  That's simply not our understanding of what we were
 6  talking about.
 7            What we were talking about was any situation in which
 8  we thought there was a claim of infringement against a
 9  Microsoft or an SAP customer that somehow implicated Microsoft
10  or SAP and, therefore, would be a subject of litigation in this
11  Court; that we would agree that that would be the extent of the
12  claims that we would assert.  And we were doing this simply as
13  a way to get a more rational schedule for this proceeding.
14            THE COURT:  What seems to me the plaintiffs in this
15  case want and probably are entitled to is not to face the
16  situation in which this case goes forward -- and let's assume
17  that they win in this case -- then to find a year down the road
18  that Datatern brings a suit against a customer of Microsoft's,
19  who then creates kind of a lock extension indemnification claim
20  against Microsoft.  That seems to me the risk of -- is that the
21  risk that you're trying to avoid?
22            MR. ROCCI:  Yes, your Honor.
23            And I think, if I may, we had agreement on that
24  principle.
25            THE COURT:  OK.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

121VVMICA                    Argument

1               MR. ROCCI:  I don't want to steal your thunder, Lee,
2    so I'll wait till you're done.
3               No, well, I was going to read what we had agreed to in
4    the email.
5               MR. BROMBERG:  OK.  All right.  Sure.
6               MR. ROCCI:  So we've had an email exchange.  And I'll
7    read a pertinent part of one of the emails.  This is to
8    Mr. Belt from me.
9               "One other thing.  Can you confirm, as I requested in
10   a previous email in connection with this particular issue, that
11   Datatern agrees not to assert any claims not included in the
12   infringement contentions against a Microsoft or SAP customer,
13   to the extent that the accused Microsoft and SAP software is
14   implicated."
15              And that was sort of a casual way of expressing it.
16              And they emailed back and they said, We agree.
17              And in the proposed order that we handed up, in
18   Footnote 1 we tried to formalize that agreement in language
19   that's less casual.
20              And I don't believe that there's any dispute with the
21   language in Footnote 1.  I sent this to Datatern on Friday.  I
22   haven't heard that they disagree with it.  I think the major
23   disagreement is whether it should be embodied in an order.
24              THE COURT:  Is that the issue, Mr. Bromberg?
25              MR. BROMBERG:  Yes, it is, your Honor.

```
        121VVMICA                  Argument
 1                We don't think it's appropriate in the scheduling
 2      order.  We did reach an agreement that --
 3                THE COURT:  Is it feasible to enter simply into a
 4      stipulation between and among counsel on that issue?
 5                MR. BROMBERG:  That's our proposal, your Honor.
 6                THE COURT:  Why isn't that an acceptable procedure?
 7                MR. ROCCI:  Your Honor, our only concern is that it's
 8      somehow binding.  Rather than a contract cause of action, it's
 9      a court order.
10                THE COURT:  Well, I'll still order the stipulation.
11                MR. ROCCI:  And then we're OK with it, your Honor.
12                THE COURT:  All right.
13                When can you have the stipulation done?
14                MR. ROCCI:  Your Honor, I think all we need to do is
15      take this footnote, turn it into a stipulation, and get it
16      signed, and we'll submit it.
17                Is that OK?
18                MR. BELT:  We may have --
19                THE COURT:  Friday?
20                MR. BELT:  The process is fine.  We may have some
21      tweaks on wording.
22                THE COURT:  I understand that.
23                MR. BELT:  We didn't get this until over the weekend.
24                THE COURT:  Of course.
25                All right.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

29

121VVMICA                     Argument
1              MR. ROCCI:  Thank you, your Honor.
2              THE COURT:  Anything else we should address this
3       afternoon?
4              Going once, going twice.
5              MR. ROCCI:  Not from the plaintiffs.
6              THE COURT:  All right.
7              Thank you for coming in.
8                              *    *    *
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300