**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br>v.<br><br>DATATERN, INC.,<br><br>Defendant. | Civil Action No. 1:11-cv-02365-KBF |
| SAP AG AND SAP AMERICA, INC.,<br><br>Plaintiffs,<br>v.<br><br>DATATERN, INC.,<br><br>Defendant. | Civil Action No. 1:11-cv-02648-KBF<br><br>ECF Case |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO DATATERN'S MOTION FOR RECONSIDERATION**

Danielle L. Rose
danielle.rose@kobrekim.com
Michael S. Kim
michael.kim@kobrekim.com
Megha J. Charalambides
megha.charalambides@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel. (212) 488-1200
*Counsel for Plaintiff Microsoft Corporation*

John Dellaportas
dellajo@duanemorris.com
Evangelos Michailidis
emichailidis@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel. (212) 692-1000
*Counsel for Plaintiffs SAP AG and SAP America, Inc.*

Steven Rocci (*pro hac vice*)
rocci@woodcock.com
Aleksander J. Goranin (*pro hac vice*)
agoranin@woodcock.com
Daniel J. Goettle (*pro hac vice*)
dgoettle@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 568-3100
*Counsel for Plaintiffs Microsoft Corporation and SAP AG and SAP America, Inc.*

Dated: February 28, 2012

**PRELIMINARY STATEMENT**

DataTern's motion for reconsideration should be denied, and—as this Court has already determined—the case should proceed to the merits.

*First*, in its motion, DataTern has not identified a single controlling decision or factual matter that Judge Holwell was asked to consider and overlooked. Instead, DataTern either (i) advances new (and incoherent) arguments even though, pursuant to this Circuit's well-established and strict precedent, such arguments are improper; or (ii) purports to summarize Judge Holwell's decision without identifying any deficit—much less any controlling decision—compelling an alternate outcome. For these reasons alone, under Local Rule 6.3, DataTern's motion should be rejected. *See* Part I, *infra.*

*Second*, even if DataTern's new arguments were considered on the merits (which they should not be), they must be rejected. Neither the first-filed rule nor the customer suit exception supports DataTern's motion for reconsideration. The first-filed rule does not apply because these Actions involve *different* parties and, according to DataTern, *different* issues than in DataTern's Texas suits against Microsoft/SAP customers and/or end-users. The customer suit exception likewise does not help DataTern's motion: when applied, it operates to restrain the *first*-filed suit (generally by a purported patent holder against a customer) from proceeding to recognize the manufacturer's presumed greater interest in defending its business activities through a declaratory judgment action against patent infringement claims—not in a reverse fashion as DataTern attempts to enjoin Plaintiffs' *second*-filed suits for declaratory judgment. And DataTern has not otherwise identified any decision—in support of its new effort to narrow this dispute's scope—requiring Plaintiffs' suits to be narrowed based on the claims DataTern alleged in Texas against Microsoft or SAP customers and/or end-users. *See* Part II, *infra*.

**ARGUMENT**

**I. DATATERN'S MOTION MUST BE DENIED BECAUSE IT RAISES NEW ARGUMENTS, WHICH CANNOT BE CONSIDERED UNDER LOCAL RULE 6.3**

DataTern's motion for reconsideration must be denied because DataTern does not identify "any controlling decisions or data that the court overlooked" which "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (setting forth "strict" standard for reconsideration motions) (citations omitted). Instead, as shown below, DataTern improperly either raises entirely new arguments or complains about the Court's decision without identifying any controlling decision requiring a different outcome. *See, e.g.*, *Rullan v. New York City Dep't of Sanitation*, No. 10 Civ. 8079(RPP), 2012 WL 76926, at *2 (S.D.N.Y. Jan. 10, 2012) (rejecting motion for consideration because movant raised new arguments and facts in support of motion); *Corines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593-594 (S.D.N.Y. 2011) (denying motion for reconsideration because movant raised new issues instead of identifying any controlling decision "previously put before the Court and that, if examined, might reasonably have led to a different result"); *Koehler v. Bank of Bermuda Ltd.*, No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (denying motion for reconsideration where movant raised new arguments); *de los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1-*2 (S.D.N.Y. Nov. 12, 1998) (same).

DataTern's core argument in favor of reconsideration—that the Court "did ***not address, or consider***, the first filed rule in the Second Circuit or the inapplicability of the so-called 'customer-suit exception'" (DataTern Motion for Reconsideration (Docket No. 61), at 2) (emphasis added)—is infirm on its face: as DataTern concedes, these issues were not considered by the Court. Under this Circuit's law, these arguments do not constitute grounds for *re*-consideration. *See Koehler*, 2005 WL 1119371, at *1 (motion for reconsideration "cannot assert new arguments

or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*.") (emphasis in original); *de los Santos*, 1998 WL 788781, at *1 ("The purpose of the local rule confining reconsideration to matters 'overlooked' . . . is 'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'").

In moving for dismissal and/or a stay, DataTern never raised the particular arguments that it seeks to advance here. Rather, it consistently made other arguments in its papers and at oral argument. *See* DataTern Motion to Dismiss and/or Stay (Docket No. 38), at 8-9 (seeking stay in light of DataTern's then-pending reexamination request and purportedly to conserve judicial resources); DataTern Reply (Docket No. 50), at 1-5 (pressing for stay based on reexamination).

Likewise, DataTern did not argue at the January 31 hearing that the Second Circuit's first-filed rule (discussed further below)—which applies to concurrent cases involving the same parties and same issues—applies. Rather, DataTern raised a different argument based on the earlier-filed Texas cases—that Plaintiffs' customers and end-users (*i.e.*, *different* parties) were better positioned to fight with DataTern, and that staying this case would therefore conserve judicial resources. *See* January 31, 2012 Transcript (Docket No. 65), at 8, 9, 20. Further, DataTern's glancing mention of the "customer suit exception" at oral argument likewise did not put that issue before the Court. To the extent, DataTern even mentioned the "customer suit exception" at oral argument, it did so to describe the Texas court rulings (*see id.*, at 3) and to argue, without citing to any authority or explaining whatsoever the reasoning, that the Texas court rulings undermine Plaintiffs' rationale for declaratory judgment jurisdiction (*id.* at 4), even though Plaintiffs never argued that the "customer suit exception" is relevant to jurisdiction here.

DataTern's other new arguments are similarly invalid:

- DataTern did not ask the Court, in its prior motion papers or at oral argument, to narrow the scope of the declaratory judgment action to those claims covered in the Texas cases. And, in any event, the *Streck* decision on which DataTern now relies for such relief does not bear on this case—much less control it (as discussed further below).

- Further, DataTern likewise never argued that it was improper for the Court to consider either the counterclaims or claim construction charts in determining whether there was a case in controversy. And, similarly, DataTern does not identify a single decision barring the Court from considering, among various other factors, the counterclaims or claim charts. To the contrary, DataTern "recognizes" in its motion the *Arris* decision (DataTern Motion for Reconsideration, at 2) in which the Federal Circuit, in finding declaratory judgment jurisdiction (and reversing a district court decision to the contrary), made clear that, here, the Court's consideration of DataTern's claim construction charts was proper. *See Arris Group Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376-1378 (Fed. Cir. 2011) (analyzing and finding significant the purported patent holder's infringement accusations, which identified the declaratory judgment plaintiff's product in support of infringement contentions against another party).

In short, as this Court has repeatedly held, "[r]econsideration is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories . . . in response to the court's rulings.'" *Rullan*, 2012 WL 76926 at *2 (quoting *de los Santos*, 1998 WL 788781, at *1). For these reasons alone, DataTern's motion should be denied.

## II. DATATERN'S MOTION MUST BE DENIED BECAUSE DATATERN HAS, IN ANY EVENT, NOT RAISED ANY VALID ARGUMENT TO DISTURB THE COURT'S DECISION

Even if the Court were to consider DataTern's new arguments—which it should not—DataTern's motion for reconsideration must be denied.

### A. Neither the First-Filed Rule Nor the "Customer Suit Exception" Gives DataTern Any Valid Basis to Disturb this Court's Decision

DataTern's hybrid first-filed and "customer suit exception" argument is entirely incoherent and must be rejected. Neither principle applies to DataTern's motion for reconsideration. A general requirement of the first-filed rule is that "the *same* parties as well as the *same* issues are involved in the two actions." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (emphasis added) (citations omitted); *see also Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 195 (S.D.N.Y. 2000) (first-filed rule, when applied, gives deference to the first-filed suit's forum "where two courts have concurrent jurisdiction over an action involving the same parties and issues") (citations omitted).

Here, by DataTern's own arguments, the Texas actions and these Actions involve (i) *different* parties (neither Microsoft nor SAP is a party to any Texas action, and no Microsoft or SAP customer or end-user is a party to these Actions); and (ii) at least by DataTern's account, *different* issues. DataTern maintains, among other things, in its motion for reconsideration "that neither the claims nor the damages overlap" between these Actions and the Texas cases, and that "there is, at best, a tenuous linkage between the case at bar and the Texas cases." DataTern Motion for Reconsideration, at 4. *See also* DataTern Motion to Dismiss, at 13 ("This is not a case in which Microsoft or SAP make a product that their customers distribute unaltered. Rather, the Texas defendants stand accused of building their own, larger systems that infringe."); *id*. ("Thus,

judgments that neither Microsoft nor SAP infringe will not necessarily resolve infringement by the Texas defendants.").

Likewise, the "customer suit exception" does not support DataTern's reconsideration motion. The customer-suit exception to the first-filed rule favors the "manufacturer's presumed greater interest in defending its actions against charges of patent infringement" and gives courts leeway to restrain first-filed customer suits in deference to second-filed suits involving the manufacturer. *Kahn*, 889 F.2d at 1081. Thus, the customer-suit exception is typically invoked to stay an action against a *customer* pending outcome of a suit involving identical claims against a manufacturer. *See, e.g., Gluckin v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (S.D.N.Y. 1969) (affirming a preliminary injunction restraining defendant from further prosecuting a suit on identical issues against a customer in Georgia until final disposition of a second-filed action in New York).

Inverting these basic principles, DataTern maintains that, "[i]f the customer-suit exception does not apply, then the Court should have followed the *ordinary* rule in the Second Circuit and given deference to the first-in-time suits in Texas." DataTern Motion for Reconsideration, at 4 (emphasis added). But there is no *ordinary* rule that would compel this Court to stay these Actions. To the contrary, under the *ordinary* rules, as Plaintiffs have previously demonstrated and as this Court correctly found, no stay is warranted.

### B. DataTern Has Not Advanced Any Valid Basis to Narrow the Scope of Plaintiffs' Actions

DataTern's present effort to narrow the scope of these Actions—by apparently trying to make Plaintiffs' claims here coterminous with those asserted by DataTern in Texas against other parties—should also be rejected. Beyond the fact that (i) this issue was never presented to, or considered by the Court, as shown above; and (ii) on its face, does not constitute a ground for

dismissal or stay of these Actions, DataTern has not offered *any*, much less controlling, authority in support of its argument.

To the contrary, DataTern relies entirely on the Federal Circuit's *Streck* decision—which addressed a different issue. *See Streck, Inc. v. Research & Diagnostic Sys, Inc.*, 665 F.3d 1269 (Fed. Cir. 2012). In *Streck*, a patent owner brought an infringement action against a competitor, which then sought, via counterclaim, a declaratory judgment of noninfringement and invalidity. On appeal, the Federal Circuit found that, to the extent that the patentee narrowed the scope of its claims over the course of litigation, the competitor's counterclaims for declaratory judgment in that proceeding could not extend beyond that scope unless the counterclaimant "show[ed] a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." *Id*. at 1283-84. *Streck* did not address the situation here—where DataTern seeks to narrow Plaintiffs' claims based on separate cases it has filed against Plaintiffs' customers and end-users notwithstanding the broader infringement counterclaims it actually filed against Plaintiffs here. And, in any event, as set forth in Plaintiffs' recent filings, Plaintiffs are pressing DataTern to commit to a theory of infringement—so as to appropriately narrow the issues to be litigated here.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny DataTern's Motion for Reconsideration.

Dated: February 28, 2012
New York, New York

Respectfully submitted,

/s/ Danielle L. Rose

Danielle L. Rose
(danielle.rose@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)
Megha J. Charalambides
(megha.charalambides@kobrekim.com)

KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Attorneys for Plaintiff Microsoft Corp.*

Steven J. Rocci
(rocci@woodcock.com)
Dale M. Heist
(heist@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: +1 215 568 3100
Fax: +1 215 568 3439

*Attorneys for Plaintiff Microsoft Corp.*

Dated: February 28, 2012

By: Evangelos Michailidis

John Dellaportas
(dellajo@duanemorris.com)
Evangelos Michailidis
(emichailidis@duanemorris.com)

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel: +1 212 692 1000

*Attorneys for Plaintiffs SAP AG and SAP America, Inc.*

Steven J. Rocci
(rocci@woodcock.com)
Dale M. Heist
(heist@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: +1 215 568 3100
Fax: +1 215 568 3439

*Attorneys for Plaintiffs SAP AG and SAP America, Inc.*

**CERTIFICATE OF SERVICE**

I, Danielle L. Rose, hereby certify that on February 28, 2012, I caused a true and correct copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DATATERN'S MOTION FOR RECONSIDERATION to be served by means of the Court's CM/ECF System on the following counsel for Defendant DataTern:

Lee Carl Bromberg
Eric Paul Belt
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Tel: +1 617 449 6500
Fax: +1 617 607 9200

Dated: February 28, 2012 By: /s/ Danielle L. Rose