## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>DATATERN, INC.,<br><br>        Defendant. | Case No. 1:11-cv-2365 KBF<br>Case No. 1:11-cv-2648 KBF<br><br>(ECF CASE) |
| SAP AG and SAP AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DATATERN, INC.,<br><br>        Defendant. | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 2 2012

### JOINT MOTION FOR ENTRY OF INTERIM PROTECTIVE ORDER
### PENDING RESOLUTION OF DISPUTED ISSUES

Plaintiffs Microsoft Corporation ("Microsoft") and SAP AG and SAP America, Inc. (together, "SAP" and, with Microsoft, the "Plaintiffs") and Defendant DataTern, Inc. ("DataTern" or "Defendant") jointly and respectfully move the Court to adopt the proposed Interim Protective Order filed herewith as Attachment A. The parties believe confidential information has been, and will continue to be the subject of discovery requests and/or deposition testimony. In order to safeguard such confidential information, the parties have negotiated and stipulate to the terms of a proposed Interim Protective Order as shown in Attachment A.

While the parties have worked diligently to reach agreement on virtually all terms of a stipulated protective order, three areas of dispute remain, namely:

    (1)    Whether Section 9(c) (and any related sections) of the Interim Protective Order

should be amended to permit Source Code produced by SAP and Microsoft in response to DataTern's document production requests to be reviewed at secure locations within SAP's and Microsoft's offices in India;

(2)     Whether Section 14.4 (and any related sections) of the Interim Protective Order should be amended to permit Experts in a foreign country to review Protected Material other than Source Code via the internet subject to restrictions and security measures protecting such information satisfactory to the Court; and

(3)     Whether Section 11(c) of the Interim Protective Order should be amended to require a party in possession of Non-Party material which is the subject of an opposing party's document request, whose disclosure in this Action is barred by a non-disclosure agreement or an order by a court or other tribunal, to produce such material after providing notice to the Non-Party.   Section 11(c) currently requires disclosure only if the Non-Party consents or there is a court order permitting such disclosure.

The parties will separately file letters addressing these three disputed issues and requesting entry of a final Protective Order.

/s/ Danielle L. Rose
Danielle L. Rose
danielle.rose@kobrekim.com
Michael S. Kim
michael.kim@kobrekim.com
Carrie A. Tendler
carrie.tendler@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel. (212) 488-1200

*Counsel for Plaintiff Microsoft Corporation*

/s/ Steven J. Rocci
Steven J. Rocci *(pro hac vice)*
rocci@woodcock.com
Aleksander J. Goranin *(pro hac vice)*
agoranin@woodcock.com
Daniel J. Goettle *(pro hac vice)*
dgoettle@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 568-3100

*Counsel for Plaintiffs Microsoft Corporation*

2

*and SAP AG and SAP America, Inc.*

/s/ Lee Carl Bromberg_____

Lee Carl Bromberg
lbromberg@mccarter.com
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Tel. (617) 449-6500

OF COUNSEL:
William A. Zucker
wzucker@mccarter.com
Daniel Kelly
dkelly@mccarter.com
Erik Paul Belt
ebelt@mccarter.com
Kara Lynch
klynch@mccarter.com

*Attorneys for Defendant DataTern, Inc.*

/s/ Timothy Edward DeMasi_____

Timothy Edward DeMasi
tim.demasi@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue, 25th Floor
New York, NY 10153
Tel. (212) 735-4566
Edward R. Reines
edward.reines@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel. (650) 802-3000
Doug W. McClellan
Doug.mcclellan@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Tel. (713) 546-5313

*Counsel for Plaintiffs SAP AG and SAP
America, Inc.*

March 30, 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br>         v.<br><br>DATATERN, INC.,<br><br>    Defendant. | Civil Action No. 11-cv-2365-KBF<br>Civil Action No. 11-cv-2648-KBF |
| SAP AG AND SAP AMERICA, INC.,<br><br>    Plaintiffs,<br>         v.<br><br>DATATERN, INC.,<br><br>    Defendant. | **INTERIM PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this matter ("Matter") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties have reached agreement with respect to all but certain key provisions governing a protective order in this matter and will address areas of disagreement pursuant to the Local Rules and the Individual Practices of this Court. [1] In the interim, the parties hereby stipulate to and petition the Court to enter the following Interim Protective Order. The parties acknowledge that this Interim Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Interim Protective Order does not entitle them to file confidential information under

---

[1] The areas of disagreement include (1) whether Section 9(c) (and any related sections) of the Interim Protective Order should be amended to permit Source Code produced by SAP and Microsoft in response to DataTern's document production requests to be reviewed at secure locations within SAP's and Microsoft's offices in India; (2)

ME1 13212638v.1

seal; ECF Rules Section 6 set forth the procedures that must be followed and the standards that will be

applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or

items under this Interim Protective Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated,

stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as

their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or

manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in

this matter.

2.7     Expert: persons, together with their employees and subcontractors, with specialized

knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its

counsel to serve as an expert witness ("Testifying Expert") at trial or to assist a Party as a consultant in

preparation for trial but is not expected to be called as a witness for trial ("Non-Testifying Expert").

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-

Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Information and items designated in other matters as "CONFIDENTIAL – OUTSIDE ATTORNEYS

EYES ONLY" or "RESTRICTED – ATTORNEYS EYES ONLY" which are produced in this Matter

shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Interim Protective Order without further designation.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs ("Source Code"), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Source Code designated in other matters as "RESTRICTED – CONFIDENTIAL SOURCE CODE" which is produced in this Matter shall be treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Stipulated Interim Protective Order without further designation.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Interim Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Interim Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Interim Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Interim Protective Order.

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

2    clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

3    retard the case development process or to impose unnecessary expenses and burdens on other parties)

4    expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated for

6    protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

7    that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

8    designation.

9    5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated

10   Interim Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

11   ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Interim

12   Protective Order must be clearly so designated before the material is disclosed or produced.

13   Designation in conformity with this Stipulated Interim Protective Order requires:

14   (a) for information in documentary form (e.g., paper or electronic documents, but excluding

15   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

16   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

17   CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or

18   portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

19   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

20   portion, the level of protection being asserted.

21   A Party or Non-Party that makes original documents or materials available for inspection need not

22   designate them for protection until after the inspecting Party has indicated which material it would like

23   copied and produced. During the inspection and before the designation, all of the material made available

24   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

25   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

26   determine which documents, or portions thereof, qualify for protection under this Stipulated Interim

27   Protective Order. Then, before producing the specified documents, the Producing Party must affix the

28   appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

If a Non-Party Producing Party produces original documents or materials without designation to a Party, the material produced shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Each Party have a period of ten (10) days following its receipt of the Non-Party production to make designations in accordance with this Interim Protective Order on all or a portion of the materials produced by the Non-Party by affixing the appropriate legend to each page that contains protected material and provide copies of such designated Interim Protective Material to all other Parties. Upon receipt of such designated Non-Party Interim Protective Material, all other Parties shall destroy materials originally produced by the Non-Party which have now been designated as Interim Protective Material. If no such designations have been made and notice has not been provided within the time frames prescribed by this paragraph, the non-designated material produced by the Non-Party shall not be subject to the protections of this Stipulated Interim Protective Order.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Interim Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other

proceeding to include Protected Material so that the other parties can ensure that only authorized

individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the

transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

line numbers as appropriate) that have been designated as Protected Material and the level of protection

being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible

items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Stipulated Interim Protective Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

accordance with the provisions of this Stipulated Interim Protective Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

1   designation by electing not to mount a challenge promptly after the original designation is disclosed.

2       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

3   providing written notice of each designation it is challenging and describing the basis for each challenge.

4   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

5   challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated

6   Interim Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin

7   the process by conferring directly (in voice to voice dialogue; other forms of communication are not

8   sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must

9   explain the basis for its belief that the confidentiality designation was not proper and must give the

10  Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

11  if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party

12  may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

13  process first or establishes that the Designating Party is unwilling to participate in the meet and confer

14  process in a timely manner.

15      6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

16  the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37.2

17  (and in compliance with the Individual Practices in Civil Cases for Judge Forrest, if applicable) within 21

18  days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

19  process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

20  competent declaration affirming that the movant has complied with the meet and confer requirements

21  imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the

22  required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

23  designation for each challenged designation. In addition, the Challenging Party may file a motion

24  challenging a confidentiality designation at any time if there is good cause for doing so, including a

25  challenge to the designation of a deposition transcript or any portions thereof. Any motion brought

26  pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

27  complied with the meet and confer requirements imposed by the preceding paragraph.

28      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

1   Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

2   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

3   Designating Party has waived the confidentiality designation by failing to file a motion to retain

4   confidentiality as described above, all parties shall continue to afford the material in question the level of

5   protection to which it is entitled under the Producing Party's designation until the Court rules on the

6   challenge.

7   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

8           7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

9   produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending,

10  or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

11  persons and under the conditions described in this Stipulated Interim Protective Order. When the litigation

12  has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

13  DISPOSITION).

14          Protected Material must be stored and maintained by a Receiving Party at a location and in a

15  secure manner that ensures that access is limited to the persons authorized under this Stipulated Interim

16  Protective Order.

17          7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

18  Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

19  item designated "CONFIDENTIAL" only to:

20              (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

21  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

22  litigation;

23              (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

24  whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

25  and Agreement to Be Bound" (Exhibit A);

26              (c) Experts (as defined in this Stipulated Interim Protective Order) of the Receiving Party to

27  whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

28  and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants (and their employees and subcontractors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Interim Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[2]

---

[2] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

10

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants (and their employees and subcontractors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must provide the Designating Party the Expert's curriculum vitae and sets forth (1) the full name of the Expert, including those employees and subcontractors to whom disclosure will be made ("Expert Group"), (2) the city and

11

state of the primary residence of each member of the Expert Group, (3) subject to confidentiality

obligations of the Expert,[3]  a complete list of employment and consulting relationships between each

member of the Expert Group and a third party (including all clients for whom such member provided

professional services on behalf of either the Expert or any consulting firm for which the member is

employed) in his/her field in the last 4 years, and (4) identifies a complete list of all lawsuits in which that

person has, in the last 4 years, provided deposition or trial testimony, submitted a declaration or affidavit,

or disclosed an opinion or expert report to the tribunal or to the adversary of the client retaining that person

(including the style of the litigation, the party retaining the person, the date that person was retained, and

the Court in which the case is or was pending).  Information identified  pursuant to this section concerning

a Non-Testifying Expert shall not be used by the Designating Party at trial; nor shall the disclosure of the

identity of a Non-Testifying Expert waive or negate the protections afforded such experts under

Fed.R.Civ.P. 26(b)(4)(D).

       (b) A Party that makes a request and provides the information specified in the preceding

respective paragraphs may disclose the subject Protected Material to the identified Designated House

Counsel or Expert Group unless, within 5 business days of delivering the request, the Party receives a

written objection from the Designating Party. Any such objection must set forth in detail the grounds on

which it is based.

       (c) A Party that receives a timely written objection must meet and confer with the Designating

Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3)

business days of the written objection. If no agreement is reached, the Designating Party may file a motion

as provided in Civil Local Rule 37.2 seeking preclusion from the Court to do so. If the objecting Party fails

to file a motion within five (5) business days of the parties' conference, the objection shall be considered

withdrawn.  Any such motion must describe the circumstances with specificity and set forth in detail the

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party or a protective order, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement. An Expert's inability to disclose all of the information required in this section as a result of a confidentiality agreement or court order shall not serve as the sole basis for an objection to disclosure under this protective order so long as the Expert can represent that such work was not competitive with the products which are the subject of the infringement claims involved in this litigation.

reasons why disclosure to Designated House Counsel or the Expert should be precluded. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions).

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to claims directed to the particular information disclosed, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[4] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)  To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code.

---

[4] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

13

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c) Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times at an office of the Producing Party's counsel or another mutually agreed upon location. The Source Code shall be made available for inspection on a reasonable number of secured computers  in a secured room without Internet access or network access to other computers.  The Receiving Party may install additional software tools, subject to the approval of the Disclosing Party, on the computer for use in analyzing the Source Code.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(d) The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such Source Code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not

1   create any electronic or other images of the paper copies and shall not convert any of the information

2   contained in the paper copies into any electronic format. The Receiving Party shall only make additional

3   paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

4   (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for

5   the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

6   Party at the end of each day and must not be given to or left with a court reporter or any other

7   unauthorized individual.

8   10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
             LITIGATION
9

10          If a Party is served with a subpoena or a court order issued in other litigation that compels

11   disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

13   CODE," that Party must:

14          (a) promptly notify in writing the Designating Party. Such notification shall include a copy of

15   the subpoena or court order;

16          (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

17   litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated

18   Interim Protective Order. Such notification shall include a copy of this Stipulated Interim Protective Order;

19   and

20          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

21   Designating Party whose Protected Material may be affected.[5]

22          If the Designating Party timely seeks a Interim Protective order, the Party served with the

23   subpoena or court order shall not produce any information designated in this action as

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY

25   CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or

26   _____

27   [5] The purpose of imposing these duties is to alert the interested parties to the existence of this Interim Protective
     Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in
28   the court from which the subpoena or order issued.

15

order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Stipulated Interim Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Interim Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information and/or a court order governing the protection of the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a court order and/or confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Interim Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c) Until further order of this Court or upon written consent of the Non-Party, the party in possession of the Non-Party's confidential information shall not be required to produce the Non-Party's confidential information responsive to the discovery request. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16

1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

2    to any person or in any circumstance not authorized under this Stipulated Interim Protective Order, the

3    Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

4    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

5    the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated

6    Interim Protective Order, and (d) request such person or persons to execute the "Acknowledgment and

7    Agreement to Be Bound" that is attached hereto as Exhibit A.

8    13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
            MATERIAL

9

10    If information subject to a claim of attorney-client privilege, work product immunity, or any other

11    applicable claim of privilege or immunity is inadvertently disclosed, such disclosure shall in no way

12    prejudice or otherwise constitute a waiver or estoppel as to any claim of privilege or immunity against

13    disclosure of such information, provided that the party making such disclosure shall notify the receiving

14    party in writing of such inadvertent disclosure within a reasonable time of the discovery of the inadvertent

15    disclosure.  Upon the disclosing party's request, all copies of inadvertently disclosed information shall be

16    returned to the disclosing party and destroyed by the receiving party, without any need on the part of the

17    disclosing party to explain the reason for the inadvertent disclosure or to demonstrate to the receiving

18    party that the disclosure was inadvertent.  The receiving party's obligation to return and destroy all copies

19    of inadvertently disclosed information shall extend to all portions of newly-created documents, such as

20    summaries or commentaries, embodying the inadvertently disclosed information.  The receiving party may

21    move the Court for an order compelling production of such inadvertently disclosed information, but the

22    motion shall not assert as a ground for production the fact or circumstances of the inadvertent disclosure.

23    If the disclosing party's claim of privilege or immunity over the inadvertently disclosed information is

24    disputed, the receiving party shall not use or disclose such information for any purpose until the matter is

25    resolved by agreement of the parties or by a decision of this Court.

26    14.    MISCELLANEOUS

27            14.1    Right to Further Relief. Nothing in this Stipulated Interim Protective Order abridges the

28    right of any person to seek its modification by the Court in the future.

17

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Interim Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Interim Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Interim Protective Order.

14.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the ECF Rules and the Sealed Records Filing Instructions found at http://nysd.uscourts.gov/cases_records.php?records=sealed_records.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to ECF Rules and the Sealed Records Filing Instructions is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

14.4    <u>No Protected Material Shall Leave the United States</u>.  Until further order of this Court, Protected Material shall not be disclosed to any person or entity located outside the United States, and Protected Material shall not be sent, distributed, or otherwise taken to any location outside of the United States.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

1  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

2  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

3  consultant and expert work product, even if such materials contain Protected Material. Any such archival

4  copies that contain or constitute Protected Material remain subject to this Stipulated Interim Protective

5  Order as set forth in Section 4 (DURATION).

6

7  DATED: _____3/30/12_____   /s/ Danielle J. Rose_____
                                                              Attorney for Plaintiffs SAP AG and SAP, America, Inc.

8

9  DATED: _____3/30/12_____   /s/ Steven Rocci_____
                                                              Attorney for Plaintiff Microsoft Corp

10

11  DATED: _____3/30/12_____   /s/ Lee Carl Bromberg_____
                                                              Attorney for Defendant DataTern, Inc.

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14

15  DATED: _____4/2/12_____   K B. For_____
                                                              Hon Katherine B. Forrest
16                                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

5

the Stipulated Interim Protective Order that was issued by the United States District Court for the Southern

6

District of New York on _____ [date] in the cases of *Microsoft Corp. v. DataTern, Inc.*, Civil Action

7

No. 11-cv-2365-KBF and   *SAP AG and SAP America, Inc. v. DataTern, Inc.*, Civil Action No. 11-cv-

8

2648-KBF. I agree to comply with and to be bound by all the terms of this Stipulated Interim Protective

9

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

11

information or item that is subject to this Stipulated Interim Protective Order to any person or entity except

12

in strict compliance with the provisions of this Stipulated Interim Protective Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Southern District of New York for the purpose of enforcing the terms of this Stipulated Interim Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number] as my

18

New York agent for service of process in connection with this action or any proceedings related to

19

enforcement of this Stipulated Interim Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed name: _____

24

                              [printed name]

25

Signature: _____

26

                              [signature]

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28