**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICROSOFT CORPORATION, <br><br>        Plaintiff, <br> v. <br><br> DATATERN, INC., <br><br>        Defendant. | |
| SAP AG AND SAP AMERICA, INC., <br><br>        Plaintiffs, <br> v. <br><br> DATATERN, INC., <br><br>        Defendant. | Civil Action No. 1:11-cv-02365-KBF <br> Civil Action No. 1:11-cv-02648-KBF <br><br> ECF Case |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to Section 2(b) of this Court's Procedures for Patent Cases, Plaintiffs Microsoft Corporation, SAP AG, and SAP America, Inc. (collectively, "Plaintiffs") and Defendant DataTern, Inc. ("Defendant") hereby submit this joint claim construction and prehearing statement ("Statement").  The patents-in-suit are U.S. Patent No. 5,937,402 (the "'402 patent") and U.S. Patent No. 6,101,502 (the "'502 patent").

**I.      CONSTRUCTION OF CLAIM TERMS ON WHICH THE PARTIES AGREE**

Pursuant to Section 2(b)(i) of this Court's Procedures for Patent Cases, the parties agree on the construction of the following claim terms of the asserted claims of the patents-in-suit:

1

### A.     The '502 Patent

| Asserted Claim(s)[1] | Claim Term | Agreed Construction |
|---|---|---|
| 1, 2, 7, 10, 11, 16 | a class | a definition that specifies attributes and behavior of objects, and from which objects can be instantiated |
| 1, 10 | an object | an entity comprising attribute values (i.e., data) and methods (i.e., functionality) that can act on said attribute values |
| 1, 10 | invokes | calls |
| 1, 10 | access data | read or write data |
| 10 | code generator | software that creates other software code |

### B.     The '402 Patent

| Asserted Claim(s) | Claim Term | Agreed Construction |
|---|---|---|
| 1, 21 | one or more object classes | at least one definition that specifies attributes and behavior of objects, and from which objects can be instantiated |
| 1, 21 | access data | read or write data |

If the parties are able to reach further agreement concerning the constructions of any of the remaining claim terms at issue, they will supplement this Statement.

## II.     PROPOSED CONSTRUCTIONS; INTRINSIC AND EXTRINSIC EVIDENCE

Pursuant to Section (2)(b)(ii) of this Court's Procedures for Patent Cases, the parties' proposed constructions of disputed claim terms are reflected in the table attached as Exhibit A. The table also identifies (a) the references from the specification, prosecution history, or other intrinsic evidence that each party believes provides support for their respective construction and (b) the extrinsic evidence that each party believes provides support for their respective constructions.  The parties expressly reserve the right to rely on any intrinsic and extrinsic

---

[1]     The asserted claims listed in the columns of these charts are only those in which the corresponding claim term are specifically recited; dependent claims that do not expressly recite the relevant claims term are not listed, even though they may depend from one or more claims that do expressly recite the claim term.

evidence identified by any other party, and any evidence obtained, or that may be obtained, through claim construction discovery.

Each party expressly reserves the right (subject to the other parties' objections, if any) to amend, correct, or supplement its claim construction positions and supporting evidence in response to any change of position by the other parties, in response to information received through claim construction discovery, including depositions of experts or other witnesses regarding claim constructions, or for other good cause.

## III.   MOST SIGNIFICANT AND CLAIM DISPOSITIVE TERMS FOR CONSTRUCTION

DataTern has identified three terms and Plaintiffs an additional seven terms, identified below, whose construction will be most significant to the resolution of the case and also will potentially be claim dispositive.

### A.   The '502 Patent

*Terms whose construction will be most significant to resolution of the case*

For the '502 patent, the parties agree that the following claim term of the '502 patent is one term whose construction will be most significant to the resolution of the case:

- "runtime engine"

Plaintiffs presently consider the following four terms, in addition to the above-identified "runtime engine" term, to be most significant to the resolution of the case:

Plaintiffs presently consider the following additional terms of the '502 patent to be among the terms whose construction will be most significant to the resolution of the case:

- "object model"

- "to create at least one interface object"

- "associated with an object corresponding to a class associated with the object

3

oriented software application"

- "utilizing a runtime engine which invokes said at least one interface object with the object oriented application to access data from the relational database" (claim 1) / "a runtime engine that invokes said at least one interface object to access data from the relational database" (claim 10)

*Terms whose construction may be case or claim dispositive*

For the '502 patent, the parties agree that construction of the following term will potentially be dispositive of Defendant's claims against both Plaintiffs under the '502 patent:

- "runtime engine"

Plaintiff Microsoft Corporation ("Microsoft") presently considers construction of the following two terms of the '502 patent, in addition to the above-identified "runtime engine" term, to be potentially dispositive of Defendant's claims against Microsoft under the '502 patent:

- "to create at least one interface object"

- "utilizing a runtime engine which invokes said at least one interface object with the object oriented application to access data from the relational database" (claim 1) / "a runtime engine that invokes said at least one interface object to access data from the relational database" (claim 10)

Plaintiffs SAP AG and SAP America, Inc. (collectively, "SAP") presently consider construction of the following three terms of the '502 patent, in addition to the above-identified "runtime engine" term, to be potentially dispositive of Defendant's claims against SAP under the '502 patent:

- "object model"

- "to create at least one interface object"

- "associated with an object corresponding to a class associated with the object oriented software application"

**B.    The '402 Patent**

SAP states that Defendant has not provided infringement contentions with respect to SAP

for the '402 patent.  SAP has also submitted a Motion for Partial Summary Judgment of Non-Infringement of the '402 Patent, which is currently pending before the Court.  Dkt. No. 66.  Without (a) the benefit of having received Defendant's infringement contentions and (b) waiving its arguments in its Motion for Partial Summary Judgment of Non-Infringement that Defendant has no basis for asserting infringement claims against SAP under the '402 patent, SAP identifies below the terms whose construction it believes would be most significant to the resolution of the case and/or potentially dispositive of Defendant's claims against SAP under the '402 patent.  SAP expressly reserves the right to amend or supplement its position should Defendant later be permitted to provide infringement contentions against SAP under the '402 patent.

*Terms whose construction will be most significant to resolution of the case*

For the '402 patent, the parties agree that the following claim terms are two terms whose construction will be most significant to the resolution of the case:

- "logical table"

- "normalized relational schema object representing the logical table" (Plaintiffs) / "normalized relational schema object" (Defendant)

Plaintiffs presently consider the following two additional claim terms of the '402 patent to be terms whose construction will be most significant to the resolution of the case:

- "designating one column of the logical table as a logical primary key column"

- "generating"

*Terms whose construction may be case or claim dispositive*

For the '402 patent, the parties agree that construction of the following terms will potentially be dispositive of Defendant's claims against both Plaintiffs under the '402 patent:

- "logical table"

- "normalized relational schema object representing the logical table" (Plaintiffs) /

5

"normalized relational schema object" (Defendant)

SAP presently considers construction of the following additional term to be potentially dispositive of Defendant's claims against SAP under the '402 patent:

- "one or more object classes"

## IV.   HEARING LENGTH

Pursuant to Section (2)(b)(iv) of this Court's Procedures for Patent Cases, the parties agree that between 3 and 4 hours would be appropriate for the claim construction hearing.  The parties agree that the time permitted by the Court be divided equally between the two sides.

## V.   WITNESSES

Pursuant to Section 2(b)(v) of this Court's Procedures for Patent Cases, the parties provide the following respective statements of proposed witnesses at the claim construction hearing.

### A.   Plaintiffs' Statement

Plaintiffs propose to call their expert, Dr. Antony Hosking, at the claim construction hearing.  If called as a witness at the hearing, Plaintiffs anticipate that Dr. Hosking will provide testimony and opinions, from the perspective of a person of ordinary skill in the art, on the background of the object-oriented programming and relational database technology underlying the '502 and '402 patents-in-suit, as well as the known gap between the data models of these two technologies.  Plaintiffs also anticipate that, if called as a witness, Dr. Hosking will offer testimony and opinions, from the perspective of a person of ordinary skill in the art, on the disclosure and teachings of the '502 and '402 patents' figures, specification, claims, provisional applications, prosecution history, and other intrinsic and extrinsic evidence.  Finally, Plaintiffs anticipate that, if called as a witness, Dr. Hosking will offer the perspective of a person of

ordinary skill in the art, on the parties' respective proposed constructions for the disputed terms in the '502 and '402 patents, including the perspective and opinions that a person of ordinary skill in the art may have on the intrinsic and extrinsic evidence offered to support each party's respective proposed constructions.

A further summary of the testimony and opinions that Dr. Hosking may offer at the claim construction hearing if called as a witness is reflected in the Expert Declaration of Dr. Antony Hosking, which is being filed concurrently today with this Joint Claim Construction and Prehearing Statement and Plaintiffs' Opening Claim Construction Brief, in accordance with footnote 1 of the Scheduling Order governing this case entered on February 14, 2012, Docket # 59, and Section 2(b)(v) of this Court's Procedures for Patent Cases.

### B.    Defendant's Statement

DataTern proposes to call its expert Neeraj Gupta at the claim construction hearing.  If called as a witness at the hearing, DataTern anticipates that its expert will provide testimony and opinions, from the perspective of a person of ordinary skill in the art, on the background of the object-oriented programming and relational database technology underlying the '502 and '402 patents-in-suit, as well as the object-relational mismatch between object-oriented applications and relational databases.  DataTern also anticipates that, if called as a witness, its expert will offer testimony and opinions, from the perspective of a person of ordinary skill in the art, on the disclosure and teachings of the '502 and '402 patents' figures, specification, claims, provisional applications, prosecution history, and other intrinsic and extrinsic evidence as they may apply to DataTern's proposed claim construction.  DataTern also anticipates that, if called as a witness, its expert will offer the perspective of a person of ordinary skill in the art, on the parties' respective proposed constructions for the disputed terms in the '502 and '402 patents, including the

7

perspective and opinions that a person of ordinary skill in the art may have on Plaintiffs'

proposed constructions.  A summary of the testimony and opinions that DataTern's expert may

offer  at the claim construction hearing if called as a witness is reflected in the Declaration of Mr.

Neeraj Gupta, which is being filed concurrently today with this Joint Claim Construction and

Prehearing Statement and DataTern's Opening Claim Construction Brief, also in accordance

with footnote 1 of the Scheduling Order governing this case entered on February 14, 2012,

Docket # 59, and Section 2(b)(v) of this Court's Procedures for Patent Cases.


 Dated:  May 11, 2012                                    Respectfully submitted,


 /s/ Daniel Goettle                                     /s/ William Zucker
 Steven Rocci (pro hac vice)                            Lee Carl Bromberg, BBO# 058480
 (rocci@woodcock.com)                                   (lbromber@mccarter.com)
 Dale Heist (pro hac vice)                              William A. Zucker, BBO #541240
 (heist@woodcock.com)                                   (wzucker@mccarter.com)
 Aleksander J. Goranin (pro hac vice)                   Erik Paul Belt, BBO# 558620
 (agoranin@woodcock.com)                                (ebelt@mccarter.com)
 Daniel Goettle (pro hac vice)                          McCarter English, LLP
 (dgoettle@woodcock.com)                                265 Franklin Street
 Erich M. Falke (pro hac vice)                          Boston, Massachusetts 02110
 (efalke@woodcock.com)                                  Telephone: (617) 449-6500
 WOODCOCK WASHBURN LLP                                  *Counsel for Defendant DataTern, Inc.*
 Cira Centre, 12th Floor
 2929 Arch Street
 Philadelphia, PA 19104
 Tel. (215) 568-3100
 *Counsel for Plaintiffs Microsoft*
 *Corporation, SAP AG, and*
 *SAP America, Inc.*

 Timothy Edward DeMasi
 (tim.demasi@weil.com)
 WEIL, GOTSHAL & MANGES LLP
 767 Fifth Avenue, 25th Fl.
 New York, NY 10153
 Tel. (212) 735-4566

 Edward R. Reines (pro hac vice)

(edward.reines@weil.com)
Evan N. Budaj
(evan.budaj@weil.com)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel. (650) 802-3000

Doug W. McClellan (pro hac vice)
(doug.mcclellan@weil.com)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas  77002
Tel. (713) 546 5313
*Counsel for Plaintiffs SAP AG and SAP
America, Inc.*

Danielle L. Rose
(danielle.rose@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)
Megha Charalambides
(megha.charalambides@kobrekim.com)
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022
Tel. (212) 488-1200
*Counsel for Plaintiffs Microsoft
Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICROSOFT CORPORATION,
SAP AG, and SAP AMERICA, INC.,

   Plaintiffs and Counterclaim
   Defendants,

v.

DATATERN, INC.,

   Defendant and Counterclaim
   Plaintiff.

**Consolidated Cases:**
Civil Action No. 1:11-cv-02365-KBF
Civil Action No. 1:11-cv-02648-KBF

(Cases pending in the U.S. District Court for
the Southern District of New York)

**CERTIFICATE OF SERVICE**

   I, Larry E. LaBella, hereby certify that on May 11, 2012, I caused a true and correct

copy of the foregoing JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

to be served by means of the Court's CM/ECF System on the following counsel for Defendant

DataTern:

     **Lee Carl Bromberg**
     McCarter & English, LLP (MA)
     265 Franklin Street
     Boston, MA 02110
     (617) 449-6500
     Fax: (617) 607-9200

Dated: M a y  1 1 ,  2 0 1 2    By:_____
             Larry E. LaBella, Paralegal