IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DATATERN, INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>SAP AG and SAP AMERICA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DATATERN, INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO. 1:11-cv-02365-KBF<br>CIVIL ACTION NO. 1:11-cv-02648-KBF |

**DATATERN, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD**

Pursuant to Fed. R. Evid. 106, DataTern, Inc. respectfully requests permission to supplement the record on claim construction, under the doctrine of completeness, to include the entire deposition transcript of Neeraj Gupta (the "Gupta Transcript") (a true and correct copy of which is attached hereto as Exhibit A).[1]  Absent such supplementation, the claim construction record will be limited to just the isolated and out-of-context snippets of the Gupta Transcript provided to the Court by the plaintiffs in the Declaration of Jeb Bacon Oblak in Support of Plaintiffs' Reply Claim Construction Brief ("Oblak Declaration") (Docket # 109).  Under Fed. R.

---

[1]     Mr. Gupta was deposed by the plaintiffs as DataTern's claim construction expert on June 18, 2012.

Evid. 106, the supplementation DataTern is requesting is appropriate so that the Court can review Mr. Gupta's statements in their proper context. In further support of this request, DataTern states as follows:

1. On July 17, 2012, plaintiffs' filed their Reply Claim Construction Brief (the "Reply") (Docket # 107). In connection with that brief, plaintiffs submitted the Oblak Declaration, containing as Exhibit SS "[e]xcerpts of the deposition of Neeraj Gupta, taken on June 18, 2012." Oblak Decl., ¶ 2.

2. These excerpts contain the following pages from Mr. Gupta's deposition transcript: 60-62; 68-71; 76-79; 89-91; 94-96; and 104-106. These six snippets, comprising twenty pages of a 232 page transcript, are often out of context and do not inform the Court as to the entirety of Mr. Gupta's testimony on a particular subject.

3. For instance, the Reply cites the Gupta Transcript page 105:9-12 for a proposition related to logical tables. Plaintiffs then include pages 104-106 of the Gupta Transcript in the Oblak Declaration to support this proposition (the page before the cite contained in the Reply, and the page after). But Mr. Gupta's testimony on this subject actually begins on page 99 and extends to page 110 of his transcript. Likewise, the Reply cites page 90 of the Gupta Transcript for a discussion of normalized and denormalized tables, and then includes pages 89-91 of the Gupta Transcript (again, just the page before and the page after the citation contained in the Reply), but the discussion of this subject in Mr. Gupta's deposition actually continues to page 95 of the Transcript.

4. Under the doctrine of completeness, DataTern seeks to supplement the record with the entire Gupta Transcript so that the Court may review the citations contained in the Reply in their proper context, and may review discussions of topics in their entirety, rather than

being limited to just the page before and the page after the citation contained in the Reply. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."). *See also Phoenix Associates III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995) ("The common-law doctrine of completeness, on which Rule 106 is based, likewise requires that a full document or set of documents be introduced: '[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible.' … We have interpreted Rule 106 to require that a document be admitted when it is essential to explain an already admitted document, to place the admitted document in context, 'or to avoid misleading the trier of fact.'… Underlying Rule 106, then, is a principle of fairness requiring the introduction of an entire or related document if necessary for the 'fair and impartial understanding of the admitted portion' or document.") (citations omitted).

## CONCLUSION

For all of the foregoing reasons, DataTern respectfully requests that the Court grant DataTern leave to supplement the record with the complete deposition transcript of Neeraj Gupta for purposes of completeness.

Dated: July 26, 2012

McCARTER & ENGLISH, LLP

/s/Lee Carl Bromberg
Lee Carl Bromberg, Esq.
Erik Paul Belt, Esq.
William A. Zucker, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, MA  02110
(617) 449-6500
lbromberg@mccarter.com
Erik Paul Belt, Esq.
William A. Zucker, Esq.

and

245 Park Avenue
New York, New York  10167
(212) 609-6800

*Attorneys for Defendant*
*DataTern, Inc.*

4

## CERTIFICATE OF SERVICE

I certify that, on this 26th day of July, 2012, I served copies of DataTern, Inc.'s Memorandum of Law in Support of its Request for Clarification Regarding the Court's June 27, 2012, Order, upon counsel of record for the other parties in the above-referenced consolidated matters via ECF.

/s/ Lee Carl Bromberg_____
Lee Carl Bromberg