USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/12



# McCARTER & ENGLISH
ATTORNEYS AT LAW

August 14, 2012



RECEIVED
AUG 15 2012
KATHERINE B. FORREST
U.S. DISTRICT JUDGE
S.D.N.Y.

VIA HAND DELIVERY

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Microsoft Corporation v. DataTern, Inc.**
   No. 11-cv-2365-KBF
   **SAP AG and SAP America, Inc. v. DataTern, Inc.**
   No. 11-cv-2648-KBF

William A. Zucker
Partner
T. 617.449.6516
F. 617.607.9152
wzucker@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
T. 617.449.6500
F. 617.607.9200
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Dear Judge Forrest:

DataTern, Inc. ("DataTern") respectfully requests, pursuant to 1.E of the Court's Individual Practices, that the Court amend and supplement its pretrial schedule to enlarge from August 24th to October 14th the time for DataTern to file its damages expert report. That would leave the remainder of this Court's schedule unchanged. DataTern has raised this request with opposing counsel but has received no meaningful response which, given the schedule of the case, is a response itself. The grounds for this request are:

1. Except for preliminary work, the damages expert cannot perform and refine the analysis needed to establish a reasonable royalty until this Court has determined claim construction, because this Court's claim construction defines the "invention" and thus is basic to the determination of its economic value. There is an inadequate amount of time remaining to do the necessary refined analysis for both Microsoft and SAP.

2. On July 11, 2012, this Court ordered: "If a late production and/or large volume of documents produced during discovery require depositions to be reopened, the Court will entertain such applications." Contrary to this Court's order of July 11, 2012, Microsoft and SAP have engaged in joint practice of providing documents late, not at all, or just before critical events. These deficiencies, which DataTern respectfully submits are egregious, are detailed in separate letters, one each for Microsoft and for SAP, that have been submitted to the Court. In those letters, DataTern requests that Microsoft and SAP be required to certify to the Court that they have made full production, that DataTern be afforded the opportunity to inspect the production to ensure that it is complete, and that damages depositions resume thereafter in order to end the repetitive, burdensome and costly process being fostered on DataTern by Microsoft and SAP.

3. Both SAP and Microsoft have, and aggressively sell, business intelligence solutions. Indeed, SAP's Business Objects platform is built around just-in-time reports of business performance metrics. SQL Server 2012 similarly lauds its business intelligence capabilities. It is therefore remarkable that both businesses

ME1 13942924v.1

August 14, 2012
Page 2

would claim that neither can produce profitability or cost numbers for the infringing and convoyed products and that neither had the other financial information needed to apply the *Georgia-Pacific* factors. Judge that failure against what Microsoft claims for one of its business intelligence products introduced with SQL Server 2012:

> Power View is a great new ad-hoc reporting tool built for the end users. It requires SQL Server 2012 and SharePoint 2010 and has one of the coolest UI displays compared to the previous tools. Power View gives end users an intuitive ad-hoc reporting tool they can use to easily create and interact with data from PowerPivot workbooks or tabular models deployed to SQL Server 2012 Analysis Services. It runs in a browser and uses Silverlight from within SharePoint Server 2010. One of the coolest graphing tools in Power View is the time line. You can build a chart and place a time line along the bottom and click the play button and watch the data change over time. I for one can't wait to build reports with this tool and see my users build them too.[1]

Or, against SAP's statements regarding the capabilities of its Business Objects platform:

> Explore your business at the speed of thought – with powerful data discovery and exploration tools. Empower your business users with easy, self-service access to data discovery functionality – for instant answers to pressing business questions. Provide an intuitive, interactive user experience with immediate response time, and eliminate the need for training and IT assistance.
>
> > Increase user autonomy with self-service discovery of relevant insights – anytime, anywhere
> >
> > Help business users see the big picture while navigating the details – for fully informed decisions
> >
> > Empower users to uncover connections and trends in new and unexpected areas[2]

If there are two companies in the world with easy access to this information, it has to be Microsoft and SAP. The delays, the lack of production, the timing all show that this is arrant gamesmanship by both that should not be tolerated by the Court.

4. Similar tactics are being employed, particularly by Microsoft, in the designation of 30(b)(6) witnesses. Microsoft' has altered 30(b)(6) designations for a number of its witnesses just before a number of depositions. For example, with Microsoft's 30(b)(6) witnesses, DataTern agreed to a schedule where certain infringement issues were to be addressed by Microsoft's designee Mr. Pizzo on July 31 and

---

[1] http://blogs.msdn.com/b/microsoft_business_intelligence1/archive/2012/07/06/my-top-5-bi-features-in-sql-server-2012.aspx.

[2] http://www.sap.com/solutions/analytics/business-intelligence/data-discovery-exploration.epx.

August 14, 2012
Page 3

certain financial issues were to be addressed by Mr. Campbell on August 1. The financial issues were to include computation of costs directly and/or indirectly attributed to the manufacture, production, marketing and/or sale of the Microsoft Products, as well as so-called Loss Leader Products (i.e. free products given away by Microsoft) and the sales channels for such products. On the Friday before the claim construction hearing on July 30, 2012, Microsoft de-designated the second witness, Mr. Campbell, and shifted all topics to the technical first witness Mr. Pizzo. Seven hours is simply not enough time to cover infringement issues for all products let alone financial issues; while the parties continue to discuss it, Microsoft to date has refused to bring back Mr. Pizzo to complete his designated topics. For Shawn Nandi, Microsoft "clarified" just days before the deposition that Mr. Nandi would only be addressing marketing of Visual Studies, rather than sales or revenue or cost information. The result is that DataTern has not yet been provided with a viable witness to explore the multitude of financial topics and records relating to the application of the *Georgia-Pacific* factors. SAP has similarly yet to designate and produce a Rule 30(b)(6) witness on unit sales, cost of goods sold, operating income, profits, licensing agreements on the accused SAP products, and similar information on all ancillary products and services sold with the accused products.

5. The failure to produce timely financial information and witnesses has a direct consequence with respect to DataTern's expert's ability to examine the data provided in preparing his report. This delayed production and the gamesmanship over witnesses does not give DataTern's experts a fair opportunity to review, digest and analyze this enormous volume of data under the legal requirements for determining damages for patent infringement. Hence the Microsoft/SAP tactics may force an outcome that is not a merits-based determination, contrary to law.

In short, without the information required for an informed analysis of the economic value of the patented inventions in suit, and without a reasonable amount of time to review, digest and analyze the information that the law requires, DataTern will not have a fair opportunity to present its case. For these reasons, DataTern requests that the Court extend the date for which its damages expert report(s) are due until October 14, 2012.

Respectfully,

*/s/ William A. Zucker*
William A. Zucker

WAZ/jrg

cc:     Counsel for Microsoft and Counsel for SAP