## Weil, Gotshal & Manges LLP

***VIA HAND DELIVERY***

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/20/12
```

**Edward R. Reines**
+650 802-3022
edward.reines@weil.com

August 17, 2012

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***SAP AG and SAP America, Inc. v. DataTern, Inc., No. 11-cv-2648-KBF***
      ***Microsoft Corporation v. DataTern, Inc., No. 11-cv-2365-KBF***

Dear Judge Forrest:

On behalf of SAP AG and SAP America, Inc. ("SAP"), we write in response to the letter delivered to Your Honor's chambers by DataTern, Inc. ("DataTern") on August 14, 2012.

Although DataTern's letter is purportedly written pursuant to Your Honor's Individual Practice 1.E ("Requests for Adjournments or Extensions"), it does not follow requirements (iii)-(v) as laid out in that rule, including an identification of its prior failed request. Instead, it requests a two-month extension of a deadline falling ten days from the date on which its letter was lodged with the Court and of which it had notice since the Court's July 11, 2012 Order [D.I. 108]. As explained in this letter and in SAP's response to DataTern's other letter to Your Honor of August 14, 2012 ("SAP response II"), which we hereby incorporate by reference, DataTern's request should be denied.

DataTern's pattern and practice in this case has been to delay and then attempt to point the finger at SAP when the clock inevitably runs out, belatedly seeking relief from the Court. DataTern's most recent letters follow this same course of conduct. First, DataTern complains that the lack of a claim construction ruling from the Court prevents its expert from adequately performing a damage analysis. This argument is without merit. DataTern has known about the deadline for its expert report on damages since at least July 11, 2012. [D.I. 108]. Indeed, under the Court's February 10, 2011 Order [D.I. 39], there would have been even less time between the claim construction hearing and the date for opening expert reports. If DataTern did not believe it would be able to file its expert report on damages on the schedule set by the Court, it should have brought that issue to the Court's attention much earlier. Indeed, the issue of the relationship between the issuance of a claim construction ruling and the expert report deadline was discussed at the claim construction hearing and DataTern said nothing. Second, DataTern's assertion that the value of the alleged invention somehow depends on the Court's claim construction lacks any explanation. In addition, its position that it can prepare infringement reports without a claim construction ruling, but not a damages report is upside down. DataTern does not explain why its expert could not simply opine on the value of the alleged invention under each party's proposed constructions.

Hon. Judge Katherine B. Forrest
August 17, 2012
Page 2

**Weil, Gotshal & Manges LLP**

Second, DataTern claims that Microsoft's and SAP's discovery practices have resulted in its inability to produce an expert report on damages by the Court's deadline. SAP respectfully refers the Court to SAP Response II for a detailed rebuttal of DataTern's meritless arguments regarding discovery.

Third, DataTern argues that it has not received "profitability or cost numbers for the infringing and convoyed products and that neither had the other financial information needed to apply the *Georgia-Pacific* factors." As SAP has communicated to DataTern multiple times, both through counsel and through its employees deposed pursuant to DataTern's Rule 30(b)(6) notice, SAP does not track profitability and cost numbers at the granularity at which they are being requested. Instead, SAP tracks these numbers at a line-of-business level, and such documents have already been produced to DataTern. DataTern simply refuses to understand that database systems cannot create reports at a lower level of granularity than what the underlying data reflect.

Fourth, DataTern complains that SAP has yet to "designate and produce a Rule 30(b)(6) witness on unit sales, cost of goods sold, operating income, profits, licensing agreements on the accused SAP products, and similar information on all ancillary products and services sold with the accused products." DataTern neglects to mention that it waited until July 13, 2012 to serve its burdensome, amended Rule 30(b)(6) deposition notice, which included 55 topics (not including subparts) and for which SAP has already provided testimony from 6 different witnesses, several of which required international travel. SAP has worked diligently to identify and prepare witnesses responsive to DataTern's numerous requests. On August 16, 2012, SAP designated and has offered to produce Jim Zebley and Maureen Macready for deposition next week on the the only remaining topics. DataTern's argument is therefore moot.

Fifth, DataTern argues that SAP has not produced "timely financial information and witnesses." DataTern has no basis to complain given its lack of diligence. Again, it did not serve its amended 30(b)(6) notice until barely a month ago on July 13, 2012. And as detailed in SAP Response II, any issue of timeliness was necessarily affected by DataTern's decision to wait almost a full seven months after the latest arguable start of discovery before serving its first discovery request. SAP respectfully refers the court to SAP Response II for a detailed description of DataTern's lack of diligence in pursuing discovery in this case. DataTern's argument is meritless because DataTern had ample opportunity to request and receive the discovery it seeks in a timely manner, but did not do so. *See* FRCP 26(b)(2)(C)(ii). Nevertheless, SAP has already produced the information and witnesses DataTern seeks as set forth in SAP Response II.

All of DataTern's arguments are without merit. During this case's discovery period of longer than a year, DataTern had the tools available to either collect the necessary discovery or move to compel. But rather than pursing either of these two options, DataTern waited until the 11th hour to to move for an extension of time.. DataTern now wants the Court to set a schedule in which damages discovery would close 22 days before trial begins. Such a schedule would be untenable not only for the parties but for the Court itself. DataTern's request for an extension of the deadline for filing its damages expert report should be denied.

Hon. Judge Katherine B. Forrest
August 17, 2012
Page 3

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

/s/ Edward R. Reines
Edward R. Reines
Counsel for Plaintiffs SAP AG and SAP America, Inc.

cc:  Counsel for DataTern, Inc. (via electronic mail)