



November 15, 2012

VIA HAND DELIVERY

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



Re: Microsoft Corporation v. DataTern, Inc.
No. 11-cv-2365-KBF
SAP AG and SAP America, Inc. v. DataTern, Inc.
No. 11-cv-2648-KBF

William A. Zucker
Partner
T. 617.449.6516
F. 617.607.9152
wzucker@mccarter.com

Dear Judge Forrest:

DataTern, Inc. ("DataTern"), by its counsel, respectfully requests, pursuant to Section 1.E of the Court's Individual Practices, an enlargement of time to file its papers responsive to the separate motions for summary judgment filed by Microsoft Corporation's ("Microsoft") and SAP AF ("SAP") on October 26, 2012, right before the portions of the East Coast were devastated by Hurricane Sandy. The responses are currently due, Monday, November 19, 2012. See Dkt No. 147 (attached). There have been no previous requests for extension. The Hurricane forced the closure of our offices and played havoc with our communications for over a week. We had hoped to be able still to get it done before Thanksgiving but the handicap has been too great. We are accordingly requesting an enlargement of time. Given the Thanksgiving Holiday and people's travel plans, we would respectfully request that we be permitted to file our responsive papers on November 28, 2012. Reply papers are currently due on December 3 and we would also ask that the Court enlarge that time for response by the same number of days until December 12, 2012.

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
T. 617.449.6500
F. 617.607.9200
www.mccarter.com

Counsel for Microsoft and SAP have consented to this request.

BOSTON

HARTFORD

We thank the Court for its consideration given the hardship caused by the Hurricane.

NEW YORK

Respectfully,

NEWARK

William A. Zucker

PHILADELPHIA

WAZ/jrg

STAMFORD

cc: Counsel for Microsoft and Counsel for SAP

WILMINGTON

ME1 14415163v.1

11/16/12

Order
Request for extension to file opposition on 11/28/12 granted; reply then due 12/12/12.

KB Forrest



**INTELLECTUAL PROPERTY LAW**
ATLANTA • PHILADELPHIA • SEATTLE

PHILADELPHIA OFFICE
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
215.568.3100
Fax: 215.568.3439

DANIEL J. GOETTLE
215.564.8974
dgoettle@woodcock.com

September 7, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 17 2012
```

*Via Hand Delivery*
Honorable Katherine B. Forrest
Daniel Patrick Moynihan - U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re: *Microsoft Corp., SAP AG, and SAP America, Inc. v. DataTern, Inc.*
Case Nos. 2011-cv-02648 and 2011-cv-02365 (KBF)

Dear Judge Forrest:

    We write on behalf of SAP AG and SAP America, Inc. ("SAP") and Microsoft, Inc. ("Microsoft") (collectively, "Plaintiffs") pursuant to the Court's Order of August 30, 2012 directing the parties to provide the Court with their views on how best to proceed in light of DataTern's concession that it cannot prove infringement.

    Despite concerted efforts, the parties are unable to reach agreement on the next steps. DataTern seeks immediate appeal to challenge this Court's claim construction Order. Plaintiffs, on the other hand, seek consistency with Federal Circuit and district court precedent that calls for developing a fulsome appellate record. Because fact discovery is closed, such an appellate record should include Plaintiffs' summary judgment motions of non-infringement based on DataTern's failures of proof as well as based on this Court's claim construction ruling.

    In its August 29, 2012 letter to the Court, DataTern, Inc. ("DataTern") acknowledged that "it cannot prove infringement based on the Court's Claim Construction Order...." Also on August 29, 2012, consistent with the parties' agreement, DataTern served an infringement expert report from its technical expert, Neeraj Gupta. With no explanation, Mr. Gupta's report concedes that DataTern cannot prove infringement under a "combination" of some of the Court's claim constructions. Instead of explaining the bases for Mr. Gupta's opinion of non-infringement based on this "combination," however, the bulk of the report is devoted to describing the bases for Mr. Gupta's opinion that Plaintiffs infringe with the assumption that the Federal Circuit will reverse this Court's claim construction order overall.

    After serving Mr. Gupta's report, DataTern stated its intent to seek appeal of the Court's constructions of the claim terms falling within Mr. Gupta's "combination" as soon as possible. To

Case 1:11-cv-02648-KBF   Document 170   Filed 11/16/12   Page 3 of 5

Case 1:11-cv-02365-KBF   Document 147   Filed 09/17/12   Page 2 of 4

Honorable Katherine B. Forrest
September 7, 2012
Page 2

this end, DataTern proposed that the parties stipulate to non-infringement based on this "combination."

While Plaintiffs agree that DataTern cannot prove infringement under the Court's claim constructions, Plaintiffs disagree with DataTern's plan for immediate appeal because there are additional reasons warranting summary judgment of non-infringement and the summary judgment process will create a full record for appeal. Plaintiffs proposed to DataTern a plan that would involve deposing Mr. Gupta on his somewhat cryptic expert report and filing summary judgment motions regarding non-infringement. DataTern rejected the proposal, favoring instead its limited appeal directed to a few of this Court's constructions.

But the courts favor Plaintiffs' approach and criticize DataTern's. The Federal Circuit, for example, bemoans "trial courts for not providing facts in the record that would assist [the appellate courts'] ability to determine whether a particular claim term plays a determinative role in infringement or invalidity." *Toshiba Corp. v. Juniper Networks, Inc.*, 248 Fed. Appx. 170, 172 (Fed. Cir. 2007) ("Toshiba's stipulation of non-infringement in this case provided no facts regarding how the district court's construction affects the infringement analysis"). And the Federal Circuit finds that appeals based on bare stipulated concessions of non-infringement are "highly undesirable." *Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344, 1350-51 (Fed. Cir. 2006). District courts likewise disfavor DataTern's proposed approach. For example, one district court was confronted with similar facts involving a plaintiff-patentee proposing a consent judgment of non-infringement and defendants proposing the filing of summary judgment motions. The court adopted the summary-judgment route, concluding, "[a]bsent an agreement with Defendants, *Plaintiff does not get to pick and choose the grounds on which final judgment of non-infringement*" is based. *Zamora Radio, LLC v. Last.fm, Ltd.*, 758 F.Supp.2d 1273 (S.D. Fla., November 5, 2010) (emphasis added). The *Zamora* court concluded, consistent with SAP and Microsoft's proposal in this case, that "the appeal of this Court's final judgment should proceed on a fully developed record after consideration of all non-infringement grounds in a properly supported motion for summary judgment." *Id*.

Despite this clear precedent, DataTern apparently would have the Court enter a "stipulated" final judgment over Plaintiffs objection without further development of the record. DataTern has not identified any legal basis to coerce a stipulated judgment. Moreover, DataTern's proposal intentionally seeks to keep the record thin to improve its chances of reversal. This proposal should be rejected, and instead, Plaintiffs' proposal set forth as follows, should be adopted:

(1) Plaintiffs will file summary judgment motions for non-infringement on multiple grounds supported by the current record after having an opportunity to depose Mr. Gupta.

   (a) In their motions, Plaintiffs will include the grounds that they believe support summary judgment. If the Court were to conclude that a summary judgment ground presented by Plaintiffs were not valid, or did not believe such a ground should be reached, at least such a ground would be preserved in the record. This will permit the Federal Circuit to

Honorable Katherine B. Forrest
September 7, 2012
Page 3

> consider the full record with all potential grounds for affirmance. *See Glaxo Group Ltd. v. TorPharm, Inc.*, 153 F.3d 1366 (Fed. Cir. 1998) (even if a summary judgment ground is not reached by the district court "an appellate court may affirm a judgment of a district court on any ground the law and the record will support.").
>
> (b) The purpose of the deposition of Mr. Gupta is to provide a proper appellate record that identifies the bounds of Mr. Gupta's opinions and clarifies the seemingly-cryptic portions of his report. Plaintiffs submit that this is their discovery right under Federal Rules of Civil Procedure 26 that should not be abrogated.

(2) Except for the summary judgment proceedings relating to non-infringement set out in paragraph (1), all other issues, defenses, motions, claims, expert discovery rights and obligations, and other discovery rights and obligations are deemed moot and will be preserved for any potential post-appeal remand;

(3) Upon the grant of summary judgment of non-infringement, all claims and counterclaims other than Plaintiffs' declaratory judgment claims for non-infringement and DataTern's counterclaims for infringement would be dismissed without prejudice as moot; and

(4) The trial scheduled to begin on December 10, 2012 is vacated as are all other current deadlines.

Furthermore, Plaintiffs propose the following schedule to implement their proposal:

(1) DataTern will make Mr. Gupta available for deposition on a mutually agreeable date before September 28, 2012;

(2) Plaintiffs will file their motions for summary judgment by October 26, 2012;

(3) DataTern will file its oppositions to Plaintiffs' motions for summary judgment by November 19, 2012;

(4) Plaintiffs will file their replies in support of their motions for summary judgment by December 3, 2012;

(5) The Court, if it believes helpful, will hold a hearing on Plaintiffs' motions on a date of the Court's choosing.

Accordingly, Plaintiffs respectfully request that the Court adopt their proposal and schedule, or, if not, conduct a hearing by teleconference to discuss alternative next steps. A proposed Order reflecting Plaintiffs' above proposal is attached hereto as Exhibit 1.

Honorable Katherine B. Forrest
September 7, 2012
Page 4

                                            Respectfully submitted,

                                            */s/ Daniel J. Goettle*

                                            Daniel J. Goettle
                                            dgoettle@woodcock.com
                                            Woodcock Washburn LLP
                                            12th Floor Cira Centre
                                            2929 Arch Street
                                            Philadelphia, PA 19104
                                            (215) 568-3100
                                            Counsel for SAP AG, SAP America, Inc.,
                                            and Microsoft Corporation

Encl.

cc: Counsel for DataTern, Inc.
    Edward Reines, Esquire
    Matthew Metchel, Esquire

---

*[Handwritten order:]*

**Ordered**

Plaintiffs' proposed schedule for summary judgment and expert deposition(s) is Granted as set forth herein. The trial date is adjourned.

9/14/12          K__ B. For__
                        USDJ