**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICROSOFT CORPORATION,

      Plaintiff and Counterclaim
      Defendant,

v.

DATATERN, INC.,

      Defendant and Counterclaim
      Plaintiff.

Civil Action No. 1:11-cv-02365-KBF

ECF CASE

(Case pending in the U.S. District Court for the
Southern District of New York)

**MICROSOFT CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

**<u>PUBLIC VERSION - REDACTED</u>**

DATE: December 12, 2012

## <u>TABLE OF CONTENTS</u>

ARGUMENT ............................................................................................................. 1

I.  Because DataTern Concedes, The Court Should Grant Summary Judgment and
    Enter Microsoft's First and Second Proposed Fact Findings ................................ 1

II. The Court Should Grant Summary Judgment of Noninfringement of the '402
    Patent for Reasons Other than DataTern's Concession of Noninfringement ................. 2

    A.  There is no proof that any alleged logical table or normalized relational
        schema object resulted "from a normalization process" ............................ 2

    B.  There is no proof that any logical table can be "utilized like a physical table" .......... 2

    C.  There is no proof that any alleged normalized relational schema object
        "contains" schema of the logical table ........................................ 3

    D.  There is no proof that any object class was created "without user input" ................. 3

    E.  There is no proof that anyone designated one, and only one, column
        as a logical primary key column ............................................. 4

III. The Court Should Grant Summary Judgment of Noninfringement of the '502
     Patent for Reasons Other than DataTern's Concession of Noninfringement ................. 5

    A.  There is no proof that any alleged object model "relat[es] to an object-
        oriented software application" ............................................... 5

    B.  There is no proof that any alleged interface object is "not part of, or
        generated by," the object-oriented application ................................ 5

    C.  There is no proof that any alleged "runtime engine" meets three requirements
        of the Court's construction .................................................. 6

    D.  There is no proof that anyone "employed the map" ................................ 6

IV.  DataTern Cannot Show Infringement Because Gupta's Opinion Is Based on
     Aspects of the Tools Never Mentioned in DataTern's Infringement Contentions ............. 7

V.   The Court Should Grant Summary Judgment of No Indirect Infringement .................... 8

    A.  DataTern has not offered any proof of direct infringement ........................ 8

    B.  DataTern has no proof that Microsoft induced direct infringement ................... 9

    C.  DataTern has no proof that Microsoft contributed to direct infringement ............... 10

VI.     The Court Should Grant Summary Judgment of No Infringement Under The
        Doctrine Of Equivalents .................................................................................. 10

CONCLUSION.......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.,*
   501 F.3d 1307 (Fed. Cir. 2007)....................................................................8

*E-Pass Techs., Inc. v. 3Com Corp.,*
   473 F.3d 1213 (Fed. Cir. 2007)....................................................................8

*i4i Ltd Partnership v. Microsoft,*
   598 F.3d 831 (Fed. Cir. 2010)..................................................................9, 10

*Lucent Tech., Inc. v. Microsoft,*
   580 F.3d 1301 (Fed. Cir. 2009)....................................................................9

*Ricoh Co., Ltd v. Quanta Comp. Inc.,*
   550 F.3d 1325 (Fed. Cir. 2009)...................................................................10

*Tecsec, Inc. v. IBM,*
   769 F. Supp. 2d 997 (E.D. Va. 2011) ...........................................................8

*Vita-Mix Corp. v. Basic Holdings, Inc.,*
   581 F.3d 1317 (Fed. Cir. 2009)....................................................................9

STATUTES

35 U.S.C. § 271...........................................................................................1, 10

Microsoft's motion for summary judgment of noninfringement should be granted. DataTern repeatedly conceded that, based on certain of the Court's claim constructions, Microsoft is entitled to summary judgment of noninfringement.  In addition to granting summary judgment based on DataTern's concession, Microsoft moves on other grounds as well—grounds based on DataTern's failed proof.  As demonstrated in Microsoft's opening brief and herein, because DataTern failed to garner sufficient evidence to establish the elements essential to its infringement claim, the Court should grant Microsoft summary judgment on additional, independent grounds to those that DataTern conceded.  *First*, DataTern cannot rely on its expert's opinion because he opined on infringement based            REDACTED

*Second*,            REDACTED            , DataTern has adduced no proof that either Microsoft or any third party used the accused Microsoft "tools" to directly infringe either patent.  And *third*, DataTern failed to prove the elements indirect infringement.    Accordingly, based on DataTern's concessions and, independently, based on DataTern's insufficient proof, Microsoft is entitled to summary judgment in its favor and a declaration that neither Microsoft nor its products infringe or have infringed any claim of either the '402 or '502 patents under any sub-section of 35 U.S.C. § 271.

## ARGUMENT

### I.      Because DataTern Concedes, The Court Should Grant Summary Judgment and Enter Microsoft's First and Second Proposed Fact Findings

DataTern concedes that none of Microsoft's tools were or can be used to infringe under the Court's constructions.  Therefore, Microsoft respectfully requests summary judgment of noninfringement and entry of its first two proposed facts, neither of which DataTern opposes:

**1)**  Neither ADO.NET nor Entity Framework includes a "logical table" or a "normalized

1

relational schema object" as claimed in the '402 patent;[1] and

2) Neither Entity Framework nor LINQ-to-SQL includes an "object model" or a "runtime engine," and neither can be used to "create at least one interface object" within the meaning of the '502 patent.[2]

## II.   The Court Should Grant Summary Judgment of Noninfringement of the '402 Patent for Reasons Other than DataTern's Concession of Noninfringement

### A.   There is no proof that any alleged logical table or normalized relational schema object resulted "from a normalization process"

There is no evidence that any alleged logical table or normalized relational schema object resulted "from a normalization process," as the Court's constructions require.   REDACTED

Microsoft uses the same meaning of "normalization process" that the Court adopted in its *Markman* ruling.  A "normalization process" is one "that divide[s] the physical table into two or more tables to minimize duplication."[4] DataTern also purports to cite evidence of a normalization process but admits that what it cites does *not* divide a physical table into two or more tables to minimize duplication."[5]  In other words, DataTern's evidence is of a "normalization process" as construed by DataTern, not the Court.  Because DataTern has no evidence of a "normalization process" under the Court's construction—in the Gupta report or elsewhere—the Court should grant summary judgment of noninfringement and adopt Microsoft's proposed additional fact (3)(a).[6]

### B.   There is no proof that any logical table can be "utilized like a physical table"

DataTern has offered no proof that any alleged "logical table" can be "utilized like a physical table," as the Court's construction requires.  DataTern's brief purports to explain what

---

[1] Lyu Decl. I, Ex. E, Gupta Rpt. ¶¶ 365 and 446. "Lyu Decl. I" means the Declaration of Charlie Lyu filed with Microsoft's Motion for Summary Judgment of Noninfringement, Dkt. No. 154.
[2] Lyu Decl. I, Ex. E, Gupta Rpt. ¶¶ 409 and 480.
[3] Op. at 5-6.
[4] Opinion and Order (Markman), Dkt. No. 141 at p. 32
[5] Op. at 6.
[6] Br. at 10.

"utilized like a physical table" means,[7] but tellingly, Gupta REDACTED  Gupta did not REDACTED

Indeed, the Gupta report passages DataTern cites as supposedly explaining Gupta's infringement opinion are not found in his REDACTED but rather in sections describing        RE DataTern's eleventh-hour attorney argument is not evidence.  Therefore, the Court should grant summary judgment of noninfringement and adopt Microsoft's proposed additional fact (3)(b).[9]

### C.   There is no proof that any alleged normalized relational schema object "contains" schema of the logical table

DataTern has offered no evidence that any alleged "normalized relational schema object" is an object "*containing* schema of the logical table," as the Court's construction requires. Gupta's infringement opinion was                  REDACTED

DataTern proposed construing "normalized relational schema object" as a construct "*representing*" a logical table.  As a result, Gupta          REDACTED

as the quoted portions in DataTern's brief demonstrate.  Instead, Gupta's report refers to                                    RED.  Therefore, the Court should enter summary judgment of noninfringement and adopt Microsoft's proposed additional fact (3)(c).[11]

### D.   There is no proof that any object class was created "without user input"

The record also contains no evidence that an accused instrumentality was used to create any alleged object class "without user input," as required under the Court's construction.

---

[7] Op. at 7-8.
[8] Op. at 7-8.
[9] Br. at 10.
[10] Op. at 9 ("[t]he conceptual model contains information that *represents the schema*…."; "[t]he schema definition contains information that *represents the schema*….") (emphasis supplied).
[11] Br. at 10.

DataTern contends that Gupta himself                                     [RED]  But Gupta

nowhere states that                  REDACTED                          Again, this omission

makes sense because Gupta evaluated infringement only under          REDACTED

                                                    Therefore, the Court should grant summary

judgment of noninfringement and adopt Microsoft's proposed additional fact (5).[13]

> **E.    There is no proof that anyone designated one, and only one, column as a
> logical primary key column**

DataTern has no proof that anyone ever designated one, and only one, column of any

alleged logical table as a logical primary key column.  DataTern asserts that Microsoft has no

proof that a multicolumn primary-key designation is even possible and that, in any event, the

Court's construction of "logical primary key column" may encompass multicolumn

designation.[14]  But DataTern misses the point.  First, Microsoft has no obligation to prove that

multicolumn primary-key designation is possible.  Rather, it is DataTern's (unmet) burden to

show the designation of one, and only one, column.  Second,   REDACTED   the accused

features allow for multicolumn designation,          REDACTED

                                                                              [15]

Similarly, with respect to Entity Framework, Gupta answered, "[y]es, it can" in response to the

question,                                               [RED]  Third, it is

irrelevant whether multicolumn designation is encompassed in the Court's construction of

"logical primary key column."  Other claim language requires *only* "*one* column"—a phrase not

construed—as the logical primary key column.  But DataTern took no discovery of any actual

---

[12] Op. at 9-10 (emphasis supplied).
[13] Br. at 12.
[14] Op. at 10-11.
[15] Lyu Decl. I, Ex. F, Gupta 9/28 Tr. at 102:3-15 & 104:8-20.
[16] Lyu Decl. I, Ex. F, Gupta 9/28 Tr. at 106:2-6.

use to determine if single column or multicolumn designation was performed, and Gupta <sup>REDACTED</sup>

<sup>RED.</sup>Therefore, the Court should

grant summary judgment of noninfringement and adopt Microsoft's additional fact (6).[18]

## III.   The Court Should Grant Summary Judgment of Noninfringement of the '502 Patent for Reasons Other than DataTern's Concession of Noninfringement

### A.   There is no proof that any alleged object model "relat[es] to an object-oriented software application"

There is no evidence that any alleged "object model" "relat[es] to an object-oriented software application," as the Court's construction requires.  Despite DataTern's citation to long sections of the Gupta report supposedly containing proof, Gupta's report   REDACTED

Again, because Gupta's infringement opinion was based only on REDACTED

DataTern also claims that Microsoft "had an opportunity to test" Mr. Gupta regarding this requirement,[19] but Microsoft had no obligation to "test" Gupta, let alone inquire about opinions   REDACTED   The Court should enter summary judgment of noninfringement and adopt Microsoft's additional fact (4)(a).[20]

### B.   There is no proof that any alleged interface object is "not part of, or generated by," the object-oriented application

There is simply no proof that any alleged interface object is "not part of, or generated by" any object-oriented application, as the Court's construction requires.  DataTern suggests that Gupta *would* find one or both requirements—"not part of" and "not generated by"—to be met *if*

---

[17] *See* Microsoft br. at 13-15 & evidence cited therein.
[18] Br. at 15.
[19] Op. at 11-12.
[20] Br. at 10.

interpreted in a particular (albeit incorrect) way.[21]   But Gupta nowhere states REDACTED

Instead,

Gupta addresses infringement                REDACTED

[22]   Gupta therefore provides DataTern

with no evidence of the "not part of, or generated by" requirement, and the Court should grant

summary judgment of noninfringement and adopt Microsoft's additional fact (4)(b).[23]

### C.   There is no proof that any alleged "runtime engine" meets three requirements of the Court's construction

DataTern has no proof that any alleged "runtime engine" satisfies three requirements in

the Court's construction.   DataTern erroneously claims that Gupta addressed two of the

requirements, *i.e.,* that the runtime engine "must be running to execute the application" and "uses

the map in its processing."[24]   Again, Gupta's opinion               REDACTED

Summary

judgment should issue along with Microsoft's proposed additional fact (4)(c).[25]

### D.   There is no proof that anyone "employed the map"

The record is likewise devoid of proof that anyone performed the step of "employing the

map" to create any alleged interface object.   DataTern has no evidence of any specific instance in

which Microsoft's software, or those who use it, ever employed the supposed map.[26]   Instead,

DataTern points to Gupta's supposed opinion that             REDACTED

---

[21] Op. at 12 ("DataTern's expert also concluded that this limitation would be met if it means
simply that the interface object is instantiated by the runtime engine as it is not part of the object
oriented application").
[22] Op. at 12 & DataTern "CSoF" 110.
[23] Br. at 10-11.
[24] Op. at 13.
[25] Br. at 11.
[26] Br. at 15-17.

REDACTED but, significantly, DataTern ignores Gupta's admission that      REDACTED

DataTern also attributes to Microsoft an argument it never made, claiming that, according to Microsoft, a person, rather than software, must employ the map.  But Microsoft did not distinguish between persons and software.  Because DataTern offers no evidence proving any actual use of the tools, it simply cannot prove infringement of the '502 patent method claims. Therefore, summary judgment should be granted and Microsoft's proposed fact (7) adopted.[28]

## IV.   DataTern Cannot Show Infringement Because Gupta's Opinion Is Based on Aspects of the Tools Never Mentioned in DataTern's Infringement Contentions

DataTern cannot satisfy its burden of showing infringement with respect to Entity Framework and LINQ-to-SQL because Gupta's infringement opinion is based on REDACTED

DataTern claims that Gupta's opinion                    REDACTED

But this is untrue.  DataTern's infringement contentions identified, for example, REDACTED  REDA the "logical table" for Entity Framework, but Gupta now opines instead that REDACTED is the "logical table."[30]  In fact, Gupta                    REDACTED

Similarly, in its infringement contentions, DataTern contended that the      REDACTED      was Entity Framework's "runtime engine," but Gupta's report      REDACTED                    Even if      REDACTED                    DataTern points to nothing showing that disclosure of RED  Finally, even if DataTern's infringement

---

[27] Br. at 16.
[28] Br. at 17.
[29] Op. at 14-15.
[30] Br. at 18 & citations therein.
[31] *Id.*
[32] Op. at 15 ("DataTern's expert report expands on that theory by referring to ObjectContext's use of EntityClient Data Provider to access the database as the runtime engine").

contentions disclosed            REDACTED            as an object corresponding to a class,

DataTern cannot logically contend that doing so somehow fairly identified

REDACTED            report does.

Therefore, with respect to Entity Framework and LINQ-to-SQL, the Court should grant summary

judgment and adopt Microsoft's proposed fact (8).[33]

## V.    The Court Should Grant Summary Judgment of No Indirect Infringement

### A.    DataTern has not offered any proof of direct infringement

DataTern cannot satisfy its burden of proving a single act of direct infringement and thus

cannot prove indirect infringement.    DataTern says that Gupta concluded, based on

circumstantial evidence, that both Microsoft and Abbott Labs directly infringed.[34]  But Gupta

had no            REDACTED            "a single document in which

[Microsoft] instructs its customers to implement the exact scenarios that [DataTern] contends

infringe" the patents.  *Tecsec, Inc. v. IBM*, 769 F. Supp. 2d 997, 1013 (E.D. Va. 2011); *see also*

*E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222-1223 (Fed. Cir. 2007) ("[T]he

evidence… shows, at best, that the . . . defendants taught their customers each step . . . in

isolation.  Nowhere do the manual excerpts teach all of the steps . . . together").  In fact, Gupta

admitted that he never            REDACTED

Finally, though

DataTern claims that Gupta followed Microsoft's tutorials and infringed,[36] his report REDACTED

*ACCO Brands,*

---

[33] Br. at 19.
[34] Op. at 17.
[35] Lyu Decl. II, Ex. T, Gupta 9/28 Tr. at 82:16-89:16. All references to "Lyu Decl. II" are to the Declaration of Charlie Lyu in Support of Microsoft's Reply in Support of Motion for Summary Judgment filed concurrently herewith.
[36] Op. at 20.

*Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *Lucent Tech., Inc. v. Microsoft*, 580 F.3d 1301 (Fed. Cir. 2009) (finding "just adequate" evidence of direct infringement based on expert acts *and evidence that at least one other person infringed*).

DataTern tries, but fails, to fill the holes in its proof with the declaration of a previously undisclosed witness, Mr. Sarkar, who supposedly                     REDACTED                     If DataTern refuses to withdraw the declaration at a meet-and-confer scheduled for tomorrow, December 13, 2012, Microsoft will request that the Court strike it because DataTern filed it in violation of the Federal Rules of Civil Procedure and the Court's Individual Practices in Civil Cases.  Because Sarkar was never previously disclosed, Microsoft does not know Mr. Sarkar, whether he is a fact or expert witness, where the supposed           REDACTED

But in any event, the declaration is inadequate because it contains no evidence that Microsoft induced Sakar to allegedly infringe.

**B.      DataTern has no proof that Microsoft induced direct infringement**

DataTern also failed to show that Microsoft induced direct infringement, and DataTern cannot rely on *i4i Ltd Partnership v. Microsoft*, 598 F.3d 831 (Fed. Cir. 2010) to show otherwise. Contrary to the Federal Circuit's holding in *i4i*, there are no facts here showing that Microsoft had knowledge of any third-party infringement. *See id*. at 850 & 840.  DataTern has no evidence that anyone at Microsoft connected DataTern's patents to the accused tools, and furthermore, there is no evidence that              REDACTED                     Further, Microsoft's tutorials demonstrated noninfringing ways to use the accused features.  *See Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1328-29 (Fed. Cir. 2009).  And while in *Vita-Mix*, the defendant introduced instructions for a noninfringing use, here Microsoft did even more. Microsoft added an alternative way of using Entity Framework called "Code First" that neither

[RED]  Finally, DataTern has not demonstrated Microsoft's intent to induce infringement; to the contrary, under Microsoft's interpretation of the patent claims, which the Court largely adopted, DataTern *admits* that there can be no infringement.[38]

### C.   DataTern has no proof that Microsoft contributed to direct infringement

DataTern has no proof that any accused tool is unsuitable for substantial noninfringing use and therefore cannot show contributory infringement on that ground.  *I4I Ltd*, 598 F.3d at 850 ("[i4i's expert] opined that none [of three infringing uses] were 'substantial'"); *Ricoh Co., Ltd v. Quanta Comp. Inc.*, 550 F.3d 1325, 1345 n.1 (Fed. Cir. 2009) ("Ricoh's liability expert…stated that [the accused features] 'have no practical use other than' performance of those methods").  DataTern relies on Gupta's report and Sakar's declaration on this point, but Gupta admitted that he                    REDACTED

and Sarkar's declaration—which is improper in any event—REDACTED

Thus, the Court should grant summary judgment of no contributory infringement.

### VI.   The Court Should Grant Summary Judgment of No Infringement Under The Doctrine Of Equivalents

Based at least on DataTern's silence in its brief, the Court should grant summary judgment of noninfringement under the doctrine of equivalents and adopt Microsoft's fact (9).[40]

### CONCLUSION

For the foregoing reasons, the Court should grant summary judgment of noninfringement and declare that neither Microsoft nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent or of the '502 patent.

---

[37] Lyu Decl. I, Ex. F, Gupta 9/28 Tr. at 137:17-138:1.
[38] Br. at 23-24.
[39] Lyu Decl. I, Ex. F, Gupta 9/28 Tr. at 150:4-10; undisputed fact 68.
[40] Br. at 20.

Dated: December 12, 2012

Respectfully submitted,

_____

Matthew I. Menchel
(matthew.menchel@kobrekim.com)
Danielle L. Rose
(danielle.rose@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)

KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel:  +1 212 488 1200
Fax:  +1 212 488 1220

*Attorneys for Plaintiff Microsoft Corp.*

Steven Rocci
(rocci@woodcock.com)
Dale M. Heist
(heist@woodcock.com)
Aleksander J. Goranin
(agoranin@woodcock.com)
Daniel J. Goettle
(dgoettle@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel:  +1 215 568 3100
Fax: +1 215 568 3439

*Attorneys for Plaintiff Microsoft Corp.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICROSOFT CORPORATION,

        Plaintiff and Counterclaim
        Defendant,

v.

DATATERN, INC.,

        Defendant and Counterclaim
        Plaintiff.

Civil Action No. 1:11-cv-02365-KBF

(Case pending in the U.S. District Court for the
Southern District of New York)

## CERTIFICATE OF SERVICE

I, Larry E. LaBella, hereby certify that on December 12, 2012, I caused a true and

correct copy of the foregoing MICROSOFT CORPORATION'S REPLY MEMORANDUM IN

SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served by means of the

Court's CM/ECF System on the following counsel for Defendant DataTern:

> **Lee Carl Bromberg**
> McCarter & English, LLP (MA)
> 265 Franklin Street
> Boston, MA 02110
> (617) 449-6500
> Fax: (617) 607-9200

Dated: December 12, 2012     By: /s Larry E. LaBella _____
                          Larry E. LaBella, Paralegal